## MACK MARTIN V. STATE.

No. 24007. May 12, 1948.
Rehearing Denied October 6, 1948.

Hon. A. O. Newman, Judge Presiding.

*Frank Sparks,* of Eastland, for appellant.

*Ralston P. Haun,* District Attorney, of Coleman, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of theft of a check by false pretext and given a sentence of five years in the penitentiary.

There are but two bills of exception in the record, Bill No. 1 not being signed by the trial judge. However, as for the matter therein complained of, we see no error evident. Appellant, while on the witness stand, was asked by the State if he had been convicted of a felony in the year 1939 and given a penalty of five years. To this he assented. He also testified that he was under indictment in Tarrant County for an offense similar to the one charged herein; that he was also under indictment in Callahan County, charged with a similar offense. When this testimony was elicited from appellant, the trial court instructed the jury orally that such testimony should be considered only for the purpose of passing upon the credibility of the witness and for no other purpose. The objection to these matters was that they were too remote. To this we are unable to agree. Although the 1939 conviction was nearly nine years away, the two recent indictments would not and did not evidence any degree of reformation, but bore evidence to the contrary. See Oates v. State, 67 Tex. Cr. R. 488, 149 S. W. 1194; Shipp v. State, 104 Tex. Cr. 185, 283 S. W. 520; Vaughn v. State, 143 Tex. Cr. R. 150, 157 S. W. (2d) 894.

The complaint is also made that the allegations laid in the second count of the indictment and the proof thereof do not correspond, in that it is alleged therein that the check which was the basis of the charged theft by false pretext is set forth in the second count of the indictment and is dated February 12, 1947, whereas the original check introduced in evidence is dated February 13, 1947. This is true, and such is claimed to establish a variance between the allegation and the proof. The check herein declared upon is dated February 13th rather than February 12th, and the figures "12" were evidently a typographical error. The purpose of the requirement of the correspondence between the allegation and proof is: first, to put an accused on notice as to what the charge against him consists of; and second, in order that he can, if necessary, plead the same in the event of a further attempt to put him again in jeopardy for the same alleged act. See Blake v. State, 147 Tex. Cr. R. 333, 180 S. W. (2d) 365; Middleton v. State, 114 Tex. Cr. R. 263, 25 S. W. (2d) 614; Burck v. State, 132 Tex. Cr. R. 628; 106 S. W. (2d) 709. See also Art. 398, C. C. P.

In the first count of this indictment, there was charged the

offense of swindling, the offense being alleged to have occurred on or about February 13, 1947; and in that count the check, being the basis of this action, was set forth and the date thereon shown to be February 13, 1947. This count, however, was not submitted to the jury. In the second count, which is the one on which this conviction is had, the date thereof is set forth as February 12, 1947. Was appellant apprised thereby of the matter charged against him? The check offered in evidence was dated February 13, 1947, concerning which appellant testified:

"This check that has been offered in evidence, that was given to me by Mr. Barclay, and I remember that occasion very well. * * * Vernon Barclay gave me the check that has been offered in evidence here on that occasion. When his wife came in there, he said, 'Let me talk to my wife and see how I stand at the bank, and if I can spare the money I will let you have it.' * * * And he came out and I was sitting out there in my pickup, and he gave me the check. * * * After he handed me the check outside at my pickup I went down and cashed the check. I cashed the check just like Mr. Norman Locks testified about. I went to the bank by myself and cashed the check. After Vernon Barclay gave me the check, he went on back in his place of business. * * * It is true that I took the check and got the money on it within an hour after it was given to me."

There seems to have been no confusion in appellant's mind as to what check was under discussion in this trial, and it seems to evidence the fact that this prosecution was based on this $820.00 check given to him on and dated February 13, 1947. We think this is sufficiently clear to foreclose any other or further prosecution thereunder. Certainly appellant was not misled in this trial as to what check was being inquired about. See Small v. State, 32 S. W. (2d) 860. If there was any doubt relative to the check intended, we think there are precedents allowing an inspection of a dismissed count in order to ascertain the true date of the check alleged to have been obtained and to evidence the fact that the date of February 12th was but a typographical error, especially is such manifested by the testimony of appellant himself that the check was made out and given to him by Mr. Barclay on February 13, 1947. We see no possibility of any injury to appellant therein.

Finding no error shown in the record, the judgment is affirmed.

#### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In his motion for rehearing appellant has strongly challenged the statement in the original opinion that the figures "12" in the second count of the indictment "* * * were evidently a typographical error." He then asserts there is no evidence in the record to sustain the statement.

We have re-examined the record, as it appears in the transcript before us, and we remain of the conclusion that the statement is the only reasonable deduction to be made from it. The first count in the indictment, charging swindling by means of the check, contains a copy of the check in every respect the same as that in the second count except that the date February 13th, in the first count, is copied as February 12th in the second count. The allegations in the first count of the facts which would constitute swindling are in accord with the testimony in the case relating to the second count.

As quoted in the original opinion, the appellant testifying in his own behalf admits that transaction, so far as the question may be raised upon which the appeal is based. The allegations in both counts are to the effect that the offense was committed on February 13th. The check was copied in each as descriptive of the property involved. When we consider the whole record we see no chance for a misunderstanding on the part of appellant as to the offense with which he was charged and, certainly, there is no ground for fear that he could be re-indicted and re-tried for the same offense.

In discussing Burck v. State, supra, it is said that the alleged variance was not a variance between the allegations in the indictment and the proof offered by the State, but was merely repugnant statements within the indictment. So, in the instant case, the dates alleged in the two counts of the indictment on their face will clearly raise the question as to which of the two is correct. It appears that the party on trial would be put on notice that he was charged with theft of the check for $820.00 given to Mack Martin by Vernon Barclay, "* * * for two Landis machines." Without any proof being offered, it is at once apparent from the indictment that a typographical error was made in the dates. We see no grounds for this misleading the appellant to his damage.

The motion for rehearing is overruled.