John David WRAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–81–007–CR.

Court of Appeals of Texas,
Texarkana.

Sept. 21, 1982.

Rehearing Denied Oct. 19, 1982.

Discretionary Review Granted
Feb. 16, 1983.

Ian Inglis, Austin, for appellant.

Tony Hileman, Jefferson, for appellee.

HUTCHINSON, Justice.

Appellant, John David Wray, appeals his conviction for felony murder. Trial was to a jury which assessed his punishment at imprisonment for twenty years in the Texas Department of Corrections.

The indictment of Wray was based upon Tex.Penal Code Ann. § 19.02(a)(3) (Vernon 1974) which provides:

"(a) A person commits an offense if he:

. . . . .

(3) commits or attempts to commit a felony, other than voluntary or involuntary manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual."

The indictment alleges that Wray on or about January 27, 1980:

". . . did then and there intentionally and knowingly commit the felony offense of aggravated assault by then and there using a deadly weapon, to wit, a shotgun, to threaten another, Mary Ann Henderson, with imminent bodily injury by pointing said deadly weapon at Mary Ann Henderson and while in the course of and furtherance of the commission of said offense did then and there commit an act clearly dangerous to human life, to wit: did then and there shoot said deadly weapon at an individual, Maggie Beth Henderson, and did thereby cause the death of the said Maggie Beth Henderson."

Ground of error one asserts that the evidence is insufficient to sustain the conviction because there is no showing that Wray committed an aggravated assault against Mary Ann Henderson.

When the sufficiency of the evidence is challenged, the evidence must be

viewed in the light most favorable to the jury's verdict. *Simmons v. State,* 622 S.W.2d 111 (Tex.Cr.App.1981); *Drager v. State,* 548 S.W.2d 890 (Tex.Cr.App.1977); *Clark v. State,* 543 S.W.2d 125 (Tex.Cr.App. 1976). If there is any probative evidence on all elements necessary to establish an offense, which if believed by the jury would justify their finding, the jury verdict must be upheld. *Vera v. State,* 499 S.W.2d 168 (Tex.Cr.App.1973).

A person commits an assault if he intentionally or knowingly threatens another with imminent bodily injury. Tex.Penal Code Ann. § 22.01(a)(2) (Vernon Supp. 1982). If the person committing the assault uses a deadly weapon it is an aggravated assault. *Id.* Section 22.02(a)(4) (Vernon Supp.1974). A firearm is a deadly weapon. *Id.* Section 1.07(a)(11)(A) (Vernon 1974).

■ From a review of the evidence it appears that there was sufficient evidence of an assault. The jury could infer from the evidence that Mary Ann Henderson was in fear—she pushed the door to, she called for her male cousin, and was still in the room in the area around the door when Wray threatened to blow the door down. Giving the evidence the standard of review applicable, there was sufficient evidence of the alleged assault.

■ Wray also contends that there is a fatal variance between the indictment which alleges that he assaulted Mary Ann Henderson by *pointing a shotgun at her* and the evidence presented at the trial. Admittedly, there is no evidence that Wray took aim or pointed the gun at Mary Ann Henderson. The question thus presented is *whether or not such variance was fatal to the conviction.* An indictment is not rendered fatally defective because there is a variance between the allegations and the proof. Rather, the variance, if fatal, may render the evidence insufficient to sustain a conviction. *Seiffert v. State,* 501 S.W.2d 124 (Tex.Cr.App.1973); *Webster v. State,* 455 S.W.2d 264 (Tex.Cr.App.1970).

■ The purpose of the variance rule is to put an accused on notice as to what the charge against him consists of; to enable him to plead the same if he is put in jeopardy for the same alleged act; and to avoid surprise to him. *Plessinger v. State,* 536 S.W.2d 380 (Tex.Cr.App.1976); *Martin v. State,* 152 Tex.Cr.R. 261, 213 S.W.2d 548 (1948). In this case, Wray has not shown surprise or that he was misled to his prejudice and we therefore find that the variance was not fatal to the conviction.

■ Wray next contends there is insufficient evidence to sustain his conviction because there is no showing that he shot at Maggie Beth Henderson as alleged in the indictment and because this results in a fatal variance between the pleadings and the proof. These contentions are without merit. The State was required to prove only that while committing aggravated assault on Mary Ann Henderson, Wray committed an act clearly dangerous to human life that caused the death of Maggie Beth Henderson. The act "clearly dangerous" was the discharge of the gun. The police chief's testimony and testimony of Wray's language at the time of the firing of the gun negate any supposition that the weapon was discharged accidentally.

■ Relying upon the case of *Garrett v. State,* 573 S.W.2d 543 (Tex.Cr.App.1978), it is asserted that the conviction is unauthorized because it represents an improper use of the felony murder statute. The cited case is factually distinguishable and is not controlling here since the aggravated assault here was alleged to have been committed upon one person and the alleged murder committed upon a different person. Also, it has been stated that where the underlying felony is not a lesser included offense it is all right to apply the felony murder statute to aggravated assault. *Ex Parte Easter,* 615 S.W.2d 719 (Tex.Cr.App. 1981).

■ The final ground of error contends that the court in its charge to the jury erred by not requiring the jury to find that the aggravated assault was committed intentionally or knowingly. The charge in defining murder states that the underlying

offense must be committed intentionally, knowingly or recklessly. If this should now be thought to be insufficient, it cannot be presented here for review as no objection was made to the charge at trial. *Brandon v. State,* 599 S.W.2d 567 (Tex.Cr.App.1979); *Peterson v. State,* 508 S.W.2d 844 (Tex.Cr. App.1974); Tex.Code Crim.Pro.Ann. art. 36.19 (Vernon 1981).

The judgment is affirmed.

CORNELIUS, C.J., not participating.