**James GILL, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 13–83–395–CR.

Court of Appeals of Texas,
Corpus Christi.

May 10, 1984.

Roy Hudspeth, Portland, for appellant.

Thomas L. Bridges, Dist. Atty., Sinton, for appellee.

Before NYE, C.J., and SEERDEN and GONZALEZ, JJ.

## OPINION

SEERDEN, Justice.

Appellant, James Gill, was convicted by an Aransas County jury of theft of property described as lawful money of the United States of America of more than $200.00 but less than $10,000.00. The trial court then assessed his punishment at eight years' confinement in the Texas Department of Corrections and by a fine of $1,500.00. The sentence as to confinement was suspended and appellant placed on probation and ordered to pay restitution. Appellant now appeals to this Court on three grounds of error.

The evidence shows that for a number of years, prior to the incidents giving rise to the charges in this case, appellant had worked for a company owned by his brother, John Gill. In mid-1981, either in April or July, John Gill sold the company to Brian W. Lyons, retaining a 10% interest as well as a lien on the remaining stock to secure a note for full payment of the purchase price. He continued to be employed as vice-president and sales manager of the company. Appellant continued to work for the company as a salesman. A dispute arose between appellant and John W. Lyons over the amount of commissions due. Appellant and his brother discussed the dispute and, while the evidence is conflicting, there is no question that John Gill, in some fashion, suggested or told appellant that he should collect some accounts and withhold payment to the company and force Lyons to pay what appellant felt was owed him.

On November 21, 1981, appellant requested payment of an invoice due his employer from the Fulton Volunteer Fire Department. The treasurer of that organization issued a check in the amount of $1,563.60 in payment of the invoice and left the name of the payee blank. Appellant then entered his name as payee, endorsed and presented the instrument for payment and received U.S. currency in the full face amount of the check. He never turned these proceeds over to his employer, nor did he advise it of this action.

Appellant first challenges the sufficiency of the evidence to support his conviction by claiming that his brother was authorized to act for the owner and consented to the taking of the check. This claim was made to the jury, and while there was evidence to support this position, there was also ample evidence to justify the jury in rejecting the contention.

Appellant's reliance on *Walker v. State*, 591 S.W.2d 493 (Tex.Cr.App.1979) is misplaced. While it is true that various representatives of the owner may consent to a taking of the property, the fact issues of whether John Gill was authorized to consent and did, in fact, consent to the taking were resolved against appellant. We hold that there was ample evidence to justify the finding that the taking was without the effective consent of the owner.

Next, appellant claims a variance between the indictment and the proof. The indictment describes the property taken as "lawful money of the United States of America of the value of more than $200.00 but less than $10,000.00."

The proof showed that appellant obtained a check, which was issued in payment of an invoice, made himself the payee, cashed it, and took the money. Mike J. Womack, the treasurer of the Fulton Volunteer Fire Department, who prepared the check, testified that the reason he left the payee blank was because he was unsure whether all of the amount of the invoice was owed to the same party.

The holder of commercial paper has prima facie authority to fill in blanks left in the instrument and consent to the manner of filling such blanks can only be overcome by evidence of express agreement to the contrary. *Holliday v. Anderson*, 428 S.W.2d 479 (Tex.Civ.App.—Waco 1968, no writ). There was no evidence that appellant was not authorized to put his name, as payee, on the check. The State contends that the check was, in fact, the property of appellant but that the proceeds belonged to the employer, Lyons.

The purpose of the requirement that the proof corresponded to the allegations in the indictment is: first, to put an accused on notice as to what the charge against him consists of; and second, in order that he can, if necessary, plead the same in the event of a further attempt to put him again in jeopardy for the same alleged act. *Martin v. State*, 152 Tex.Cr.R. 261, 213 S.W.2d 548 (Cr.1948).

There is no question that appellant knew the substance of the charge against him. He stipulated at the trial that he received the check, filled in his name, endorsed and presented it, and received the proceeds therefrom. He testified at length about the transaction. It is clear that he knew the nature of the charges against him and elected to put his defense on the basis of his being owed money by Lyons and on the permission given him by his brother. The jury rejected this theory.

Should a further attempt be made to put appellant in jeopardy for this transaction, he has ample material to defeat such attempt.

In *Compton v. State*, 607 S.W.2d 246 (Tex.Cr.App.1980) (on State's Motion for Rehearing), the charge was theft over $10,000 where the property was described as "$400,000 current money of the United States of America." In that case, International Harvester Company was indebted to appellant in the amount of $11,650.00 but erroneously issued a check to him in the amount of $411,650.00. The Court held there was no fatal variance between the allegations in the indictment and the proof

at trial because it was only upon appellant's negotiation of the check that he exercised control over it and, thus, over the proceeds.

We overrule appellant's claim of insufficiency of the evidence that the subject matter of this offense was "lawful money."

In his last two grounds of error, appellant complains of the trial court's refusal of two special charges.

The first requested charge stated:

"You are instructed that if you believe that at the time the accused endorsed the check any representatives of the owners consented to his endorsement, or if you have reasonable doubt thereof, you will acquit him and say so by your verdict."

As pointed out by the State, this statement is not a correct statement of the law. For a representative's consent to constitute a defense, the representative must be "legally authorized to act for the owner." Tex.Penal Code Ann. § 31.01(4).

The second requested charge stated:

"You are instructed that if you believe that at the time the accused endorsed the check any joint owner either real or special owner consented to his endorsement, or if you have reasonable doubt thereof, you will acquit him and say by your verdict."

The charge of the Court properly defined the term "owner." There was no definition or requested definition of "joint owner" or "real or special owner." It is proper to refuse to give special requested charges which are vague and misleading and do not directly state the law. *Stewart v. State*, 438 S.W.2d 560 (Tex.Cr.App.1969).

Appellant complains that the phrase "legally authorized to act" should have been defined by the court as requested by the accused. His contention that the two requested charges would have explained "legally authorized to act" cannot be sustained.

Other than the two requested charges, appellant made no objections to the court's charge. He did not object to the failure to

define "legally authorized to act" nor did he submit a requested definition of the phrase. The court did not err in the refusing to submit the requested charges.

The judgment of the trial court is affirmed.