Jack P. **UPCHURCH**

v.

The **STATE** of Texas, Appellee.

No. 084–84.

Court of Criminal Appeals of Texas, En Banc.

Sept. 25, 1985.

Allan K. Butcher, James R. Mallory, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, Richard B. Roper & Vincent Cruz, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Appellant was convicted in the Municipal Court of Arlington of failure to maintain financial responsibility. Vernon's Ann.Civ. Stat., art. 6701h, § 1A. Upon trial *de novo* in County Criminal Court No. Four of Tarrant County appellant was convicted by a jury and sentenced to pay a fine of $101.50. The Second Court of Appeals affirmed the conviction. *Upchurch v. State,* 660 S.W.2d 891 (Tex.App.—Fort Worth 1983).

The complaint alleged that appellant unlawfully operated a motor vehicle that was not covered by a policy of liability insurance. The complaint then added that the vehicle appellant was operating was "not a vehicle exempt under Section 33 of the Safety Responsibility Act nor self-insured under Section 34 of the Safety Responsibility Act."[1] Appellant contends that because of the addition of this language the State was required to prove that appellant's vehicle was not exempt under these sections. The State failed to do so at trial. The State responds, and the court of appeals held, that this language in the complaint was mere surplusage, not requiring proof.[2] We granted appellant's petition for discretionary review to review the ruling by the court of appeals. We affirm.

Appellant was riding his Vespa motor scooter on May 3, 1982, when he was stopped by a motorcycle patrol officer of the Arlington Police Department for displaying an expired inspection sticker. When asked for proof of insurance on his vehicle appellant replied that he did not carry insurance on the motor scooter. He was therefore cited for that offense as well.

On his plea of nolo contendere appellant was convicted in municipal court, and ap-

---

1. Sections 33 and 34 provide exemptions from the requirement of liability insurance in two instances:

    "Sec. 33. This Act shall not apply with respect to any motor vehicle owned by the United States, the State of Texas or any political subdivision of this state...

    Sec. 34. (a) Any person in whose name more than 25 motor vehicles are registered may qualify as a self-insurer by obtaining a certificate of self-insurance issued by the Department..."

2. All parties agree that had §§ 33 and 34 not been named in the complaint these sections would be treated as exemptions, affirmative defenses the defendant is entitled to raise, rather than exceptions which the State must always disprove to obtain conviction. This issue is therefore not before us. We note that although § 33 is entitled "Exceptions," § 1A(b) says,

    "The following vehicles are *exempt* from the requirement of Subsection (a) of this section:
      (1) vehicles *exempt* by Section 33 of this Act..."

(All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.)

pealed that conviction to the county court pursuant to Art. 4.08, V.A.C.C.P.

In the trial *de novo* in county court at the conclusion of the State's case in chief appellant's attorney moved for an instructed verdict of not guilty because, *inter alia,* the State had not proved its allegations in the complaint that appellant's vehicle was not exempt under §§ 33 and 34. The motion was denied. Appellant now contends that there was a fatal variance between the complaint and the evidence adduced at trial.

The language at issue here was not necessary to the charging instrument. The issue is whether after having alleged unnecessarily that appellant's vehicle was not exempt, the State was then required to prove that allegation. The test has been stated in *Burrell v. State,* 526 S.W.2d 799, 802 (Tex.Cr.App.1975): "... where the unnecessary matter is descriptive of that which is legally essential to charge a crime it must be proven as alleged, even though needlessly stated." If, however, the unnecessary language in the charging instrument does not describe an essential element of the offense, the language may be discarded as surplusage. *Collins v. State,* 500 S.W.2d 168 (Tex.Cr.App.1973). *Burrell* adds that the unnecessary matter must be proved if it explains or describes the offense. 526 S.W.2d at 804.

This Court has reversed a conviction for theft by receiving where the indictment charged the defendant with receiving stolen property "and knowing the property was stolen *and obtained from the complainant."* *Franklin v. State,* 659 S.W.2d 831 (Tex.Cr.App.1983). Alleging defendant's knowledge that the property was obtained from a specific person (the complainant) was not necessary to charge him with an offense. It was only necessary for the State to allege and prove that the defendant knew the property was stolen. However, the extra matter in the indictment described what *was* an essential element of the offense, *viz*: defendant's knowing state of mind. The State was therefore required to prove the extra matter in its

indictment. Because it failed to do so, the conviction was reversed.

In *Smallwood v. State,* 607 S.W.2d 911 (Tex.Cr.App.1980), the State's case did not fail when the indictment alleged the taking of women's slacks, and the proof at trial showed the property to be men's slacks. The defendant was charged with robbery, which is now considered an assaultive offense rather than an aggravated form of theft. *Id.,* at 913; *Ex parte Lucas,* 574 S.W.2d 162 (Tex.Cr.App.1978). Any property taken in a robbery need not be identified in the indictment; it need only be alleged that the act was in the course of committing theft. *Davis v. State,* 532 S.W.2d 626, 629 (Tex.Cr.App.1976). The extra matter in the *Smallwood* indictment described an element not essential to the gravamen of the offense. Therefore the variance in the description between indictment and proof was not fatal to the conviction.

Appellant cites *McClure v. State,* 163 Tex.Cr.R. 650, 296 S.W.2d 263 (1956), in which the defendant's conviction for selling whiskey in a dry area was reversed because the indictment alleged that the offense occurred "at the Alamo Cafe located at Cleveland and Second Streets, City of Memphis, Texas," and the State failed to prove that location at trial. In that instance, however, the extra matter was descriptive of what was an essential element of the offense, *viz*: a dry area. The same is not true of the instant case.

■ The distinction between unnecessary matter that must be proven, and that which is surplusage requiring no proof, is this: When the unnecessary matter in the charging instrument describes an essential element of the offense, the unnecessary matter must be proven at trial. Where it does not describe an essential element, it need not be proven. *Contrast, Windham v. State,* 638 S.W.2d 486 (Tex.Cr.App.1982) ("... by shooting at her with a gun" held to be descriptive of "does an act amounting to more than mere preparation" in an attempted murder indictment, and therefore necessary to be proven) and *Collins v.*

*State*, 500 S.W.2d 168 (Tex.Cr.App.1973) ("... of the value of over $5.00" held to be mere surplusage in describing the pane of glass broken in an indictment for willful destruction of property).

■ The elements of an offense, under V.T.C.A. Penal Code, § 1.07(a)(13), are

"(A) the forbidden conduct;

(B) the required culpability;

(C) any required result; and

(D) the negation of any exception to the offense."

The exempting language in question here describes none of these elements of the offense of operating a motor vehicle without sufficient liability insurance. It seems most likely to describe, if any of the elements, the final one, but appellant concedes that §§ 33 and 34 are exemptions rather than exceptions, and not to be treated as exceptions. See n. 2, *ante*.

Neither does the complaint's allegation that appellant was not exempt from the penalties of the statute describe any other element of the offense. The extra matter did not define the offense more narrowly, place it in a specific setting, or describe the method by which it was committed. The conduct comprising the offense would have remained exactly the same regardless of the truth or falsity of the unnecessary matter in the indictment; appellant would still have been operating a motor vehicle without insurance whether he was exempt or not. The unnecessary matter in the complaint did not describe or explain the offense, and was therefore surplusage, as held by the court of appeals. Proof of such surplusage is not required for the conviction to stand.

The judgment of the court of appeals is affirmed.