**Richard CASARES, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–85–101–CR.**

Court of Appeals of Texas, Corpus Christi.

Nov. 27, 1985.

James Lawrence, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and DORSEY and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

Appellant was convicted by a jury of attempted burglary of a habitation. Based on this conviction and a prior burglary conviction the trial court assessed punishment at 25 years' confinement in the Texas Department of Corrections.

Appellant's sole ground of error challenges the sufficiency of the evidence to support the conviction. Among other insufficiencies claimed is that there is no evidence to support a certain allegation of the indictment. The indictment was for attempted burglary and provided that the appellant, with the specific intent to commit burglary, did "attempt to enter a habitation without the effective consent of William Ramsey, the owner, and with the intent to commit theft by doing the act of pushing against and breaking the door with his shoulder, an act which amounted to more than mere preparation that tended but failed to effect the commission of said offense...." (Emphasis added.)

In his first ground of error, appellant complains that there is no evidence that he used his shoulder to push against and break the door as alleged in the indictment; that the words "with his shoulder" are descriptive of an essential element of the crime, and as such are not mere surplusage, but must be proven. We agree and reverse the conviction.

The evidence is that two police officers responded to a call around 1:30 a.m. of an attempted burglary of an apartment at the third floor of an apartment building. Officer Revis went inside the building and up the elevator. Upon exiting the elevator on the third floor, he heard a loud pounding coming from one end of the hallway. The pounding was very forceful and was much louder than one knocking on a door to gain entry. Walking towards the noise, he came upon a man walking towards him, whom the officer stopped. The loud banging continued. After turning a corner in the hallway, Officer Revis saw the appellant walking away from an apartment doorway. Wood splinters were in the area of the apartment doorway and the door of the apartment was hanging loose from a security chain, the door and door jam being broken.

Officer Revis hailed for the appellant to stop, whereupon the appellant began to run to the stairway exit. He was captured by the other police officer who was climbing the stairs.

After carefully examining the record, we were unable to find any evidence that the appellant used his shoulder to attempt to effectuate his entry into the apartment as alleged in the indictment. The issue then is whether the words "with his shoulder" are surplusage and need not be proven, or are of such a character that once alleged must be proven. *Franklin v. State*, 659 S.W.2d 831 (Tex.Crim.App.1983).

The test to determine whether language in an indictment must be proven or is mere surplusage is whether that language describes an essential element of the crime. *Upchurch v. State*, 703 S.W.2d 638 (Tex. Crim.App., 1985). Where unnecessary matter is descriptive of that which is legally essential to charge a crime, it must be proven even though needlessly stated. *Weaver v. State*, 551 S.W.2d 419 (Tex.Crim.App.1977).

In *Weaver*, the crime charged was aggravated assault by use of a deadly weapon. The indictment provided that the appellant "did then and there intentionally and knowingly use a deadly weapon, to wit: a .22 caliber Ruger automatic pistol...." As an

essential element of the crime was the use of a deadly weapon, it was necessary that "deadly weapon" be alleged. The detailed description of the deadly weapon was not a necessary allegation, but since it was descriptive of an essential element of the offense, to wit: the deadly weapon, it had to be proved as alleged. As the evidence described the weapon as a Luger, and not a Ruger, the conviction was reversed. *Weaver*, 551 S.W.2d at 421 (citing *Burrell v. State*, 526 S.W.2d 799 (Tex.Crim.App.1975); *Rowland v. State*, 523 S.W.2d 676 (Tex. Crim.App.1975); *Goodwin v. State*, 320 S.W.2d 852 (Tex.Crim.App.1959).

In *Windham v. State*, 638 S.W.2d 486 (Tex.Crim.App.1982), as analyzed by the Court of Criminal Appeals in Upchurch, an indictment for attempted murder alleged "by shooting at her with a gun" which was held to be descriptive of "an act amounting to more than mere preparation" and was held necessary to be proven. *See Franklin v. State*, 659 S.W.2d 831.

A person commits a burglary if (1) without the effective consent of the owner, he (2) enters (3) a habitation or portion of a building not then open to the public (4) with intent to commit a felony or theft. TEX. PENAL CODE ANN. § 30.02 (Vernon 1974).

A person commits a criminal attempt if, "with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." TEX.PENAL CODE ANN. § 15.-01(a) (Vernon Supp.1985).

In the instant case, appellant was indicted for attempted burglary. An essential element of the attempted burglary, "an act amounting to more than mere prepara-

tion," was alleged in the indictment as "pushing against and breaking a door." The words "with his shoulder" unnecessarily describe the means of "pushing against and breaking." We hold, therefore, that because the words "with his shoulder" describe an essential element of the offense, albeit unnecessarily, the State was required to prove that appellant used his shoulder to effectuate the "pushing against and breaking," in accordance with the cases cited above. As there was no such proof, we must reverse the conviction. We are obliged by *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), to order an acquittal. *See Franklin v. State*, 659 S.W.2d 831 (Tex.Crim.App.1983).

The judgment of the trial court is REVERSED and an ACQUITTAL is ordered.

NYE, Chief Justice, concurring.

While I agree with the majority that *stare decisis* mandates appellant's acquittal, I am distressed that justice for the people of Texas can be so easily thwarted. But for the allegation that the appellant used his *shoulder* to attempt the entry into the residence, his conviction would be affirmed. The State did not have to allege how the appellant attempted the entry; yet, because such was alleged in the indictment, the law requires the State to prove that the appellant did in fact use his shoulder.[1] Because the State did not do so, we are compelled to conclude that this variance between the allegation and the proof entitles appellant to an acquittal. Our decision today defies reason. It defies common sense. Unfortunately, however, it adequately tracks a rather long-standing Texas common law.

AND THE GRAND JURY further presents that the Defendant, Richard Casares, has previously been convicted of one felony, namely Burglary, on August 13, 1981, in Cause Number 81–CR–348–G, styled The State of Texas vs. Richard Casares, in the 319th District Court of Nueces County, Texas.... (Emphasis supplied)

1. The indictment said:
   ... did then and there unlawfully with the specific intent to commit burglary, attempt to enter a habitation without the effective consent of Willilam Ramsey, the owner, and with the intent to commit theft by doing the act of pushing against and breaking a door *with his shoulder,* an act which amounted to more than mere preparation that tended but failed to effect the commission of said offense

As I pointed out in my concurring opinion in *Blevins v. State*, 672 S.W.2d 828 (Tex.App.—Corpus Christi 1984, no pet.), reform in this area of the law is long overdue. As an intermediate appellate court, we must follow the rules of law established and laid down by the Court of Criminal Appeals. The majority opinion correctly sets out the variance rule as even recently reaffirmed by the Court of Criminal Appeals in *Upchurch v. State*, 703 S.W.2d 638 (Tex.Crim.App., 1985). Neither the majority nor the *Upchurch* Court addresses the rationale behind the rule, however. Indeed, the Court of Criminal Appeals has seldom examined the purpose and basis of the prohibition against variance.

In *Worsham v. State*, 56 Tex.Cr.R. 253, 120 S.W. 439, 444 (1909), the object of the variance rule was stated as being "to avoid surprise." In *Martin v. State*, 152 Tex. Cr.R. 261, 213 S.W.2d 548 (1948), the Court of Criminal Appeals held:

> The purpose of the requirement of the correspondence between the allegation and proof is: first, to put an accused on notice as to what the charge against him consists of; and second, in order that he can, if necessary, plead the same in the event of a further attempt to put him again in jeopardy for the same alleged act.

*Martin*, 213 S.W.2d at 548. In *Hall v. State*, 619 S.W.2d 156, 157 (Tex.Crim.App. 1980), the Court held that "a variance between an allegation of the indictment and proof is a material and fatal variance only if it would mislead a defendant to his prejudice." This Court has recently used the above-quoted language of *Martin* to affirm convictions despite variances between the pleadings or allegations and the proof. *See Ramos v. State*, 688 S.W.2d 135 (Tex.App. —Corpus Christi 1985, no pet.); *Gill v. State*, 670 S.W.2d 758 (Tex.App.—Corpus Christi 1984, pet. ref'd).

If we were to examine appellant's case in light of the two stated purposes behind the variance rule, and not in light of the case law which by now seems to be set in con-crete, we would probably affirm this conviction. The indictment certainly gave appellant notice that he was being charged with the attempted burglary of the complainant's apartment; appellant does not complain on appeal that he lacked notice adequate enough to prepare his defense. Nor would a conviction of appellant in the case at bar subject him to further prosecutions for attempted burglary; if we had affirmed his conviction, appellant would have ample material available to defeat any attempt by the State to re-prosecute him for this same offense on another trial. *See Ramos* at 137; *Gill* at 760.

Thus, the purposes of the "prohibition against variance rule" would not be offended by affirming appellant's conviction. Yet, past decisions by the Court of Criminal Appeals require us to acquit this defendant. In other words, I believe that the basic purpose behind the rule has long been forgotten; and, because we have lost sight of the purpose and rationale of the rule, many variance cases, like this one, have led to bizarre or absurd results. *See Blevins v. State*, 672 S.W.2d 828, 837–39 (Tex.App. —Corpus Christi 1984, no pet.) (Nye, C.J., concurring).

I propose that the entire case law in this area needs to be re-examined, while keeping a close eye on the twin purposes of the variance rule. The current status of the case law actually tends to defeat the important purpose that an indictment must fully apprise an accused of the offense he is charged with. Prosecutors currently have a disincentive to allege anything but the bare bones of an offense in an indictment for fear that some *minute matter* (i.e., used his shoulder) may not be proved at trial and the accused may then be set free on what the people of Texas call "a technicality." Would not an accused have superior notice if a prosecutor could freely allege all matters he in good-faith expected to prove at trial? Would not an accused then be better able to present his defense? Is this not what the law should be encouraging? The answers, of course, are obvious. For instance, should not the defendant,

through his attorney, object to the court's charge that the state's proof did not include evidence that the defendant "used his shoulder," and, if the state did not either correct the indictment or the proof, the defendant would be entitled to the acquittal; otherwise, without an objection, it would be waived. This is what happens in the trial of civil cases. Sadly, the current status of the law does not allow for the accomplishment of these goals.

An amendment to the Texas Constitution was recently passed by the voters of this State by a two-thirds majority. That amendment, along with the statute triggered by its passage, effectively eliminates the doctrine of fundamental error in charging instrument law. *See* Tex.S.J.Res. 16, 69th Leg. (1985) (proposing an amendment to TEX. CONST. art. V, § 12); Act of June 13, 1985, ch. 577, 1985 Tex.Sess.Law Serv. 4450 (Vernon) [to be codified at TEX.CODE CRIM.PROC.ANN. arts. 1.14, 28.09, 28.10 (Vernon Supp.1986)]. The amendment and the statute reflect a wide-spread discontent with a judicial system which allows offenders to be acquitted on mere "technicalities." Of course, the courts do not bow and acquiesce to public opinion. However, the will of the people of this State is certainly an important factor to consider when judges are engaged in making or reshaping the common law.

It might have been possible to affirm this conviction by severing the phrase "with his shoulder" from the allegation of attempted entry ("by doing the act of pushing against and breaking a door with his shoulder") and treating that portion of the descriptive averment as surplusage. The Court of Criminal Appeals has repeatedly said that unnecessary words may be treated as surplusage when not descriptive of something legally essential to an indictment's validity. *See Weaver v. State*, 551 S.W.2d 419, 420 (Tex.Crim.App.1977) (cited in the majority opinion). Under this analysis, only the portion of the descriptive language "by doing the act of pushing against and breaking a door" would be the essential allegation of "manner and means." *See Posey v. State*, 545 S.W.2d 162 (Tex.Crim.App.1977). The

ending phrase "with his shoulder" could then be the surplus description.

It is with a feeling of discouragement and frustration that I concur with the majority's holding that the appellant be acquitted. Few would contend that in the result reached today justice has been done. The trial of this case and its appeal have cost the State of Texas a lot of time and money, resources which are increasingly in scarce supply. Even if a retrial of appellant could be possible, that too would be costly; and the risk of an unfair trial, or no new trial at all, grows as time passes, memories fade, and witnesses become more difficult or impossible to call at trial. But because of double jeopardy, a retrial of this defendant for this crime cannot take place. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

Despite these considerations, appellant is today acquitted. His 25-year sentence is set aside. Not because he did not attempt to burglarize the apartment; not because he did not break the door; and not because he was not guilty; but only because he may have used his foot to break down the door instead of his shoulder.

Again, the scales of justice have become lopsided.