Henry Allen HOOD, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–85–045–CR.

Court of Appeals of Texas, Austin.

March 5, 1986.

Jana Dawson, Austin, for appellant.

Jeff Van Horn, Crim. Dist. Atty., Lockhart, for appellee.

Before POWERS, BRADY and CARROLL, JJ.

PER CURIAM.

This is an appeal from a conviction for attempted burglary of a building. Tex. Pen.Code Ann. §§ 15.01, 30.02 (1974 and Supp.1986). After finding appellant guilty, the jury found he had been convicted previously of two felony offenses and assessed punishment at imprisonment for twenty-five years. Tex.Pen.Code Ann. § 12.42(d) (Supp.1986). We will affirm the judgment of conviction.

In his first ground of error, appellant challenges the sufficiency of the evidence to prove he is the same person convicted of one of the two prior felonies.

The State has the burden of proving prior convictions alleged for the purpose of enhancement of punishment, and the standard of proof is "beyond a reasonable doubt." *Ex parte Augusta,* 639 S.W.2d 481, 484 (Tex.Cr.App.1982). This burden includes proving that the defendant is the same person convicted of the prior felony. *Rios v. State,* 557 S.W.2d 87, 92 (Tex.Cr. App.1977).

The indictment contains eight enhancement paragraphs. The two found by the jury to be true allege a 1959 burglary conviction in Jefferson County, Texas, and a 1965 kidnapping conviction in Calhoun County, Florida. Appellant does not challenge the sufficiency of the evidence as to the previous Texas conviction.

As evidence of the prior Florida conviction, the State introduced a "pen packet" from the Florida Department of Corrections. The pen packet contains a certification page, the validity of which is not challenged, that recites that the papers attached thereto are copies of the official records of one Henry Allen Hood, prison number 002526. Stapled to the certification page are documents reflecting *inter alia* that (1) Henry Allen Hood was convicted of kidnapping on October 13, 1965, in

Calhoun County, Florida, cause number 65–20, and (2) Henry Allen Hood was convicted of escape and unlawful possession of a pistol on October 18, 1965, in Bay County, Florida, cause numbers 65–113 and 65–96. The number 002526 is stamped on the orders of commitment in each of these causes. Also included in the pen packet is a certificate dated October 13, 1965, attached to the order of commitment in Calhoun County cause number 65–20, and signed by the Calhoun County Sheriff, stating, "This subject [Henry Allen Hood] was picked up at Bay County Jail and brought to Calhoun County for trial [,] was tried and returned to Bay County Jail to be held for trial there."

In addition to the pen packet, the State offered as evidence of appellant's prior convictions the testimony of retired Florida police officer Paul Dickinson. Dickinson testified that he "recognize[d] [the pen packet] to be the normal process of paperwork in [his] court system, State of Florida." He also testified he had personal knowledge that appellant and the Henry Allen Hood convicted of escape and unlawful possession of a pistol in Bay County, Florida, cause numbers 65–113 and 65–96 were one and the same. Dickinson did *not* identify appellant as the person convicted of kidnapping in Calhoun County cause number 65–20.

The question, then, is whether the records in the pen packet and Dickinson's testimony taken together are sufficient to prove appellant is the same person convicted of kidnapping in Florida. We hold that they are.

In *Stearn v. State*, 571 S.W.2d 177 (Tex. Cr.App.1978), the court had to determine whether the defendant was sufficiently linked to a conviction in California. The court held that "the records were sufficiently identified to be those of appellant in that they were in the same packet and reflected appellant's name and prison number." 571 S.W.2d at 178. The situation in the present cause is not dissimilar. We hold that (1) Dickinson's testimony, (2) the identity of names and prison numbers in

the same pen packet, (3) the proximity of the Calhoun County and Bay County conviction dates, and (4) the Calhoun County Sheriff's notation regarding the transferal of "Henry Allen Hood" from Bay County to Calhoun County and back are, *when taken together*, sufficient evidence to link appellant to the Florida kidnapping conviction. *Cf. Fain v. State*, 688 S.W.2d 235, 237–238 (Tex.App.1985, no pet.) (first pen packet sufficiently linked to second pen packet where prison numbers cross-referenced and where pen packets prepared on same day by same official). Appellant's first ground of error is overruled.

■ Appellant argues in his second ground of error that there is a fatal variance between the allegations in the indictment and the evidence at trial. The indictment alleges in pertinent part that appellant

did then and there, with the specific intent to commit the offense of burglary of a building ..., do an act, to-wit: attempt to *cut* a hole in the wall of said building....

(Emphasis added.)

In brief, the State produced evidence at trial showing that at approximately 2:00 a.m., September 28, 1984, appellant, with the aid of two sledge hammers, attempted to bash his way through the rear, cinder-block wall of a Wal-Mart store in Lockhart. Appellant now argues that there is a fatal variance between the indictment and the proof because it is (allegedly) impossible to "cut" through a wall with a sledge hammer.

If a variance exists between the allegations in the indictment and the evidence, it may render the evidence insufficient to sustain a conviction. *Franklin v. State*, 659 S.W.2d 831, 833 (Tex.Cr.App.1983). Correspondence between the allegations and proof is required so as to put the defendant on notice as to the charge against him, and to enable him to plead the same if he is again put in jeopardy for the same alleged offense. *Martin v. State*, 152 Tex.Cr.R. 261, 213 S.W.2d 548 (1948); *see generally* 2 LaFave and Israel, Criminal Procedure

§ 19.2(h) (1984). For a variance to be material, however, it must mislead the defendant to his prejudice. *Plessinger v. State,* 536 S.W.2d 380, 381 (Tex.Cr.App.1976).

There is no question that appellant knew precisely the charge against him. Moreover, the definition of "cut" includes "hollow out, bore, or excavate," Webster's Third New Intern'l Dictionary 560 (unabr. 1961), which is descriptive of the effect of a sledge hammer hitting a cinder-block wall. Appellant's second ground of error is overruled.

The judgment of conviction is affirmed.