**Robert George McCULLA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–85–0926–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 19, 1986.

John E. Ackerman, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., J. Harvey Hudson, Judy Mingledorff, Harris Co. Asst. Dist. Atty., Houston, for appellee.

Before DUNN, SAM BASS and COHEN, JJ.

## OPINION

DUNN, Justice.

Appellant was charged in a multi-paragraph indictment with five separate incidences of second degree felony theft. The indictment alleged that the offenses took place between June 19, 1982 and March 21, 1983. The offenses were aggregated under the theory that they were part of one scheme and continuing course of conduct. *See* Tex. Penal Code Ann. sec. 31.09 (Vernon 1974).

The jury found appellant guilty of theft, as charged in the indictment, and the court assessed punishment at seven years confinement.

Viewing the evidence in the light most favorable to the verdict, the record shows that, in late 1979 or early 1980, the Huntingdon Corporation and the Kingsgate Corporation became involved in a joint construction venture known as "The Huntingdon", a 34–story luxury condominium.

In the fall of 1981, Patrick Oxford, President of Kingsgate Corporation, began searching for another construction manager for the project and ultimately hired Frank G. Rohauer. Rohauer was a co-defendant at the outset of appellant's trial, but was severed before its conclusion. The duties of the job of construction manager included on-site inspections of the construction work to ensure compliance with the terms and specifications of the contract, and the approval of all payments to contractors. Such payments were not made until personal inspection and verification was made by Rohauer.

In late 1981, Rohauer approached appellant and asked whether he would be interested in working on a construction project in Houston. Appellant's job was to investigate contractors to determine whether they could be used in various phases of the construction without the necessity of posting formal performance bonds. Appellant testified that over the years he had developed an expertise in the surety bond business.

In June of 1983, Patrick Oxford reviewed the project. Oxford's investigation revealed a number of discrepancies, including invoices and payments to contractors for work which had already been done by other contractors. The checks issued in payment for these invoices were deposited into an account on which appellant was a signatory. Several checks were drawn on those accounts in amounts equal to 50% of the invoices and were made payable to Rohauer. The aggregate amount of these transactions was approximately $2.3 million.

Appellant's first and third grounds of error contend that the trial court committed reversible error by improperly instructing the jury on the issues of consent and ownership of the money, and that the evidence is insufficient to establish that the taking of the money was without the effective consent of the owner. Both of appellant's contentions are grounded upon the assumption that Rohauer is an "owner" of "The Huntingdon's" monies.

The court's charge instructed the jury that if they believed appellant acquired or exercised control of money belonging to C.W. Lander, of an amount in excess of $10,000, with intent to deprive Lander of

that money, and without the effective consent of Lander, that they should find appellant guilty of theft. Lander was President of Huntingdon Corporation, and testified that he had care, custody, and control of monies and accounts controlled by that corporation. Appellant objected to this portion of the instruction on the grounds that it failed to allow the jury to find that Rohauer was an "owner" and had given his consent to appellant.

Appellant bases his argument upon the fact that Rohauer held the title of Executive Vice President of Construction for "The Huntingdon" and therefore also had control and custody of the project's money. However, the State's evidence established that, while Rohauer had authority to receive and approve the contractors' invoices, he had no authority to make the actual payments. The record reflects that Lander, as President of Huntingdon Corporation, signed each of the "draw" requests and gave final approval for payment of the construction invoices. Lander's testimony established that the monies were appropriated without his consent.

■ Appellant's contention has previously been advanced and rejected. *Gill v. State*, 670 S.W.2d 758 (Tex.App.—Corpus Christi 1984, no pet.). In *Gill*, the court held that, for a representative's consent to constitute a defense to theft, the representative must be legally authorized to act for the owner. *Id.* at 761. There is no showing in the present case that Rohauer had such legal authority.

■ Further, the court's charge included the following instruction on mistake of fact:

"You are further instructed that if you find from the evidence that the defendant, Robert George McCulla, at the time of the payment of monies to him, believed that Frank Rohauer was the owner thereof or was authorized to act as the owner thereof, or you have a reasonable doubt thereof, then you will acquit the defendant and say by your verdict not guilty."

Appellant claims that this instruction is insufficient to effectively overcome, in the juror's minds, the impact of the instructions noted above concerning ownership in C.W. Lander. However, the evidence establishes that Rohauer did not have either the same, or a greater, right to possession than Lander. Since there is no evidence establishing Rohauer's status as owner of the money, it was not error for the trial court to deny appellant's requested instruction. *See McGee v. State*, 572 S.W.2d 723 (Tex.Crim.App.1978).

Appellant's first and third grounds of error are overruled.

In his second ground of error, appellant argues that the trial court committed reversible error by refusing to instruct the jury regarding appellant's theory of the case.

In short, appellant's requested instruction stated that it was his understanding that Rohauer had full authority to enter into contracts on behalf of the Huntingdon Corporation and further, that any monies paid by him to Rohauer were bona fide transactions for which he received full value in the form of a one-half ownership interest in certain exotic and rare automobiles owned by Rohauer. This instruction was supported by the testimony of appellant and Rohauer. Appellant urges that, whenever a defendant introduces affirmative evidence to rebut the State's theory of the case, the jury instruction should incorporate these facts in opposition. *Hill v. State*, 585 S.W.2d 713 (Tex.Crim.App.1979).

■ Appellant relies on the well-known legal principle that a defendant is entitled to an affirmative defensive instruction on every issue raised by the evidence before the jury, regardless of whether it is strong, feeble, unimpeached, or contradicted, and even if the trial court is of the opinion that the testimony is not entitled to belief. *Booth v. State*, 679 S.W.2d 498 (Tex.Crim.App.1984). Evidence which constitutes a "defense" under the Texas Penal Code requires the accused to admit the commission of the offense, but to justify or excuse his actions so as to absolve him of

criminal responsibility for engaging in conduct which otherwise constitutes a crime. *Sanders v. State*, 707 S.W.2d 78, 81 (Tex. Crim.App.1986) (en banc). Here, appellant's requested instruction presenting his theory of the case, namely, that his relationship with Rohauer was part of a bona fide business transaction, with Rohauer having full authority to act on behalf of the corporation, negated his entire participation in the offense of theft. Under the circumstances, appellant's and Rohauer's testimony did not justify appellant's participation in the offense, but rather denied any participation. Such a denial does not constitute an affirmative defense requiring inclusion in the charge to the jury, and the requested instruction was properly denied. *Id.* at 81.

Appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.