TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00148-CR







Vallon Robert England, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 48,644, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING







A jury found appellant Vallon Robert England guilty of aggravated sexual assault
and assessed punishment at imprisonment for ninety-nine years and a $10,000 fine. See Tex.
Penal Code Ann. § 22.021(a)(1)(A)(i), (2)(A)(iv) (West Supp. 1999). Appellant contends the
district court erred by permitting the State to amend the indictment after trial began and by
admitting evidence of an extraneous offense. We will overrule these contentions and affirm.

Appellant and the complaining witness, A.S., lived together for two years and had
a child together. They separated in December 1996 and A.S. later obtained a protective order
prohibiting appellant from coming to her residence. On the evening of April 5, 1998, a male
friend helped A.S. change her locks. A.S. and the friend kissed when he left at about 10:30 p.m. 
A few minutes later, appellant entered A.S.'s house through a bedroom window, got a knife from
the kitchen, and confronted her. Appellant accused A.S. of having sex with the man who changed
the locks. He then handcuffed her, removed her clothes, and forced her onto a bed. He
penetrated A.S.'s anus with his penis while holding the knife to her throat.

Appellant remained in A.S.'s house throughout the night. During this time, he
cursed her and threatened to torture and kill her. He slapped her, held his hand over her nose and
mouth to prevent her breathing, and dragged her through the house naked and handcuffed. He
took her to the shower, placed a hose in her rectum, and turned on the water. He repeatedly
raped her anally, vaginally, and orally. At one point, A.S. begged appellant, "[W]hy don't you
just go ahead and kill me and get it over with because I can't take any more." Appellant replied,
"I haven't tortured you enough yet."

Appellant consumed numerous beers during the course of the night. He eventually
went to sleep, and A.S. escaped and sought help. Police found appellant in A.S.'s house later that
morning, still asleep.


Indictment 

The indictment returned by the grand jury alleged, in pertinent part, that appellant
"cause[d] his sex organ to penetrate the anus of [A.S.], a person not his spouse, without the
consent of the said [A.S.]." During the third day of trial, the State was permitted over appellant's
objection to abandon the allegation that A.S. was not appellant's spouse. Appellant contends this
was an amendment to the indictment, which may not be done over objection after trial begins. 
See Tex. Code Crim. Proc. Ann. art. 28.10(b) (West 1989).

An amendment is an alteration that affects the substance of the indictment. See
Eastep v. State, 941 S.W.2d 130, 132 (Tex. Crim. App. 1997). An abandonment, even if
accomplished by the physical alteration of the indictment as in this cause, does not affect the
substance of the indictment. Id. at 133. The deletion of surplusage from an indictment is
considered an abandonment, not an amendment. Id. at 134. Surplusage is language that is not
legally essential to the offense alleged in the indictment. Id. There is an exception to the last
statement: if the unnecessary language is descriptive of that which is legally essential to the
indictment, it may not be treated as surplusage. See Burrell v. State, 526 S.W.2d 799, 802-03
(Tex. Crim. App. 1975). Thus, the State may abandon as surplusage only those portions of an
indictment that are neither legally essential to the offense alleged nor descriptive of that which is
legally essential. See Eastep, 941 S.W.2d at 134.

That the victim of an aggravated sexual assault may be the spouse of the defendant
has been the law in Texas since September 1, 1987. See Act of May 26, 1987, 70th Leg., R.S.,
ch. 573, § 1, 1987 Tex. Gen. Laws 2275 (Tex. Penal Code Ann. § 22.021, since amended). (1) 
Thus, the allegation that A.S. was not appellant's spouse was not legally essential to the
indictment. Nevertheless, appellant argues that the allegation could not be abandoned as
surplusage because it described the victim of the assault. 

Appellant urges that this cause is analogous to Franklin v. State, 659 S.W.2d 831
(Tex. Crim. App. 1983). That case was a prosecution for theft by receiving stolen property. The
indictment alleged that the defendant received the property knowing it had been obtained from a
man named Herzberg. While it was not legally necessary for the State to allege that the defendant
knew the identity of the person from whom the property had been stolen, the allegation described
both the stolen property element and the defendant's culpable mental state and therefore could not
be disregarded as surplusage. Id. at 833.

The elements of aggravated sexual assault as applied to this case are that appellant
intentionally or knowingly caused the penetration of A.S.'s anus without her consent, and that
appellant used or exhibited a deadly weapon in the course of the criminal episode. See Penal
Code § 22.021(a)(1)(A)(i), (2)(A)(iv). The allegation that A.S. was not appellant's spouse did not
describe, modify, or explain any of these elements, or identify A.S. as the person assaulted. The
allegation did not define the offense more narrowly, place it in a specific setting, or describe the
method by which it was committed. (2) Both the conduct and the culpable mental state with which
it was committed would have remained exactly the same whether or not A.S. was appellant's
spouse. The unnecessary allegation merely added an unnecessary factual averment to the
indictment, and was therefore surplusage. See Upchurch v. State, 703 S.W.2d 638, 641 (Tex.
Crim. App. 1985) (in prosecution for failing to maintain financial responsibility, unnecessary
allegation that vehicle was not exempt from Safety Responsibility Act was surplusage); Kirschner
v. State, 997 S.W.2d 335, 340 (Tex. App.--Austin 1999, pet. ref'd) (in prosecution for
misapplying construction trust funds, unnecessary allegation that funds were not used to pay actual
expenses relating to construction was surplusage). 

Because the allegation that A.S. was not appellant's spouse was surplusage, the
district court did not err by permitting the State to abandon the allegation after trial began. Issue
one is overruled.


Extraneous misconduct

Appellant's remaining issues concern the admission of extraneous offense. N.N.
testified that she was involved in a relationship with appellant in 1993. Appellant repeatedly
asked her to engage in anal intercourse, but she refused. One night when appellant had been
drinking heavily, he seized N.N., threw her on a bed, and penetrated her anus with his penis. As
he did so, appellant held a knife to N.N.'s throat and threatened to kill her if she resisted. 
Appellant contends this testimony was inadmissible because it was irrelevant except to prove his
bad character and that he acted in conformity therewith. See Tex. R. Evid. 404(b). Alternatively,
he urges that the probative value of N.N.'s testimony was substantially outweighed by the danger
of unfair prejudice. See Tex. R. Evid. 403. (3)

Evidence is relevant if it has any tendency to make the existence of a fact that is
of consequence to the determination of the action more or less probable than it would be without
the evidence. Tex. R. Evid. 401. Relevant evidence is generally admissible. Tex. R. Evid. 402. 
Evidence of other crimes or wrongs by the defendant, however, is not admissible if it is relevant
only to prove the character of the defendant in order to show that he acted in conformity
therewith. Tex. R. Evid. 404(b). Unless it is otherwise constitutionally or statutorily proscribed,
extraneous misconduct evidence is admissible if it has relevance apart from mere character
conformity, that is, if it tends to establish some elemental or evidentiary fact of consequence to
the determination of the action. See Rankin v. State, 974 S.W.2d 707, 709 (Tex. Crim. App.
1996); Montgomery v. State, 810 S.W.2d 372, 386-87 (Tex. Crim. App. 1991) (op. on reh'g). 
Even if extraneous misconduct evidence is relevant to a fact of consequence, it may still be
excluded if its relevance is substantially outweighed by the danger of unfair prejudice. See Mozon
v. State, 991 S.W.2d 841, 846 (Tex. Crim. App. 1999); Montgomery, 810 S.W.2d at 387; Tex.
R. Evid. 403. The decision to admit or exclude extraneous misconduct evidence under either rule
403 or rule 404(b) is reviewable for an abuse of discretion. See Mozon, 991 S.W.2d at 847;
Rankin, 974 S.W.2d at 718 (op. on reh'g); Montgomery, 810 S.W.2d at 391-92.

In response to appellant's objections, the State urged that N.N.'s testimony was
relevant to the issues of intent and consent. In a prosecution for aggravated sexual assault of an
adult, that the defendant engaged in the prohibited conduct intentionally or knowingly without the
complainant's consent are elemental facts. See Penal Code § 22.021(a)(1)(A). After overruling
appellant's objections, the district court instructed the jury to consider the extraneous misconduct
testimony only in determining appellant's intent, plan, motive, common scheme, design,
knowledge, consent or lack of consent, lack of mistake, to rebut a defensive theory, or for
impeachment.

When the issue addressed is the defendant's intent to commit the offense charged,
the relevance of an extraneous offense derives from the doctrine of chances -- the instinctive
recognition of that logical process which eliminates the element of innocent intent by multiplying
instances of the same result until it is perceived that this element cannot explain them all. See
Cantrell v. State, 731 S.W.2d 84, 90 (Tex. Crim. App. 1987). An unusual or abnormal element
might be present in one instance, but the more often it occurs the less likely it is to be the true
explanation. See id. For the doctrine of chances to apply, there must be a similarity between the
charged and extraneous offenses, since it is the improbability of a like result being repeated by
mere chance that gives the extraneous offense probative weight. See Plante v. State, 692 S.W.2d
487, 492 (Tex. Crim. App. 1985). The degree of similarity required, however, is not as great
when intent is the material issue as when identity is the material issue and the extraneous offense
is offered to prove modus operandi. See Cantrell, 731 S.W.2d at 90; Wiggins v. State, 778
S.W.2d 877, 885 (Tex. App.--Dallas 1989, pet. ref'd).

Both A.S. and N.N. testified to appellant's predilection for anal intercourse which
the women did not share. The witnesses then described two similar encounters with appellant. 
Each testified that appellant, while intoxicated, forced her to engage in anal intercourse at
knifepoint, threatening to kill her if she resisted. The incidents described by A.S. and N.N. were
sufficiently similar to invoke the doctrine of chances. The district court could reasonably
conclude that N.N.'s testimony tended to make the existence of appellant's guilty intent with
respect to A.S. more likely than it otherwise would have been. See Montgomery, 810 S.W.2d at
391 (how to review trial court's relevance determination). Because we find that N.N.'s testimony
was admissible under rule 404(b) for the reasons discussed, we do not address the other grounds
for admission relied on by the district court. Issue two is overruled.

Because appellant also objected to N.N.'s testimony on rule 403 grounds, it was
necessary for the district court to determine whether the relevance of her testimony was
substantially outweighed by its unfair prejudice. Among the factors that may be considered under
rule 403 are the extent to which the extraneous misconduct evidence serves to prove or disprove
a fact of consequence, the potential the challenged evidence has to impress the jury in some
irrational but indelible way, and the extent of the proponent's need for the evidence, which
includes the subissue of whether the relevant fact is in dispute. See Mozon, 991 S.W.2d at 847;
Montgomery, 810 S.W.2d at 389-90.

That appellant intended to challenge the credibility of A.S.'s accusations became
apparent during jury selection, when defense counsel told the panelists that "the evidence is going
to show that she's a liar, she's a drug user and alcohol abuser" and that "the question is going to
be one of credibility of the witnesses." Counsel also asked the panelists if they "believe[d] that
just because someone has a bruise or an abrasion or a mark that they would have had to have been
raped." 

Appellant's cross-examination of A.S. quickly turned to the issue of her mental
health history. When the State objected to this line of questioning, appellant urged that it was
relevant "to her state of mind and the reason for the fabrication of these charges." The State's
objection was overruled and A.S. acknowledged that she had been under psychiatric care for about
ten years. A.S. also admitted telling others that she wanted appellant "away for 30 years," but
denied saying she had "figured out a way . . . to get Vallon out of the way." The cross-examination then turned to A.S.'s previous sexual relations with appellant. See Tex. R. Evid.
412(b)(2)(B) (in prosecution for aggravated sexual assault, evidence of complainant's past sexual
behavior with accused admissible if offered by accused on issue of consent). A.S. was asked if
"you ever told him that no, no, no and then you got into the sex act and enjoyed it?" She replied
that she did not. A.S. was then asked if she ever voluntarily engaged in anal intercourse with
appellant. She again said no. At this point, the jury was excused and appellant sought the court's
permission to introduce in evidence a videotape purporting to show appellant and A.S. engaging
in anal intercourse, at the end of which "she starts laughing and playing and she does no more
objecting." The State objected, and appellant withdrew the offer after a lengthy discussion with
the court. The jury returned, and appellant again asked A.S. if she had ever voluntarily engaged
in anal intercourse with appellant. A.S. acknowledged that she had done so. She also agreed that
she had sometimes "said 'no' . . . and then got into it and enjoyed it." 

Appellant's cross-examination obviously was designed to impeach A.S.'s credibility
and to suggest to the jury that A.S. had voluntarily engaged in sexual activity with appellant on
the night in question. Appellant's efforts were rewarded when A.S. admitted, after first denying,
that she had occasionally engaged in anal intercourse with appellant voluntarily, and that she had
sometimes enjoyed the act even after initially resisting it. While other witnesses testified
regarding A.S.'s outcry following the assault, A.S.'s outcry statements were subject to the same
credibility attack as her trial testimony. And medical testimony describing lacerations to the
rectum was not inconsistent with an act of consensual penetration. 

N.N.'s testimony was compelling evidence on a contested issue. Moreover, N.N.'s
testimony appears to have been the only evidence available to the State to corroborate A.S.'s
impeached testimony that she had been sexually assaulted. While N.N.'s testimony was certainly
prejudicial to appellant, it was not so inflammatory as to render the court's limiting instruction
ineffective. In this connection, we note that the instruction was given twice: when N.N. testified
and in the jury charge. The district court did not abuse its discretion by admitting N.N.'s
testimony over appellant's rule 403 objection. See Montgomery, 810 S.W.2d at 392-93 (how to
review trial court's prejudice determination). Issue three is overruled.

The judgment of conviction is affirmed.



 


 Jan P. Patterson, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: December 23, 1999

Do Not Publish
1. The requirement that the victim not be the spouse of the accused remained an element of
sexual assault until September 1, 1991. See Act of May 27, 1991, 72d Leg., R.S., ch. 662, § 1,
1991 Tex. Gen. Laws 2412 (Tex. Penal Code Ann. § 22.011, since amended).
2. Compare the allegation at issue with the allegation that appellant penetrated A.S.'s anus with
his penis. While legally unnecessary to state an offense (the statute proscribes penetration by any
means), the allegation described the penetration element and could not have been abandoned by
the State. 
3. Appellant also refers to N.N.'s statement that on another occasion, appellant held her and
a male friend at gunpoint, beat the friend with the butt of the gun, and stabbed N.N. in the leg. 
She did not testify to this incident before the jury, however, and its admissibility is not in
question.



 that "the evidence is going
to show that she's a liar, she's a drug user and alcohol abuser" and that "the question is going to
be one of credibility of the witnesses." Counsel also asked the panelists if they "believe[d] that
just because someone has a bruise or an abrasion or a mark that they would have had to have been
raped." 

Appellant's cross-examination of A.S. quickly turned to the issue of her mental
health history. When the State objected to this line of questioning, appellant urged that it was
relevant "to her state of mind and the reason for the fabrication of these charges." The State's
objection was overruled and A.S. acknowledged that she had been under psychiatric c