TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00126-CR






Jessie Rivera, Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0981615, HONORABLE FRED A. MOORE, JUDGE PRESIDING







A jury found appellant Jessie Rivera guilty of unlawfully possessing a firearm. See
Tex. Penal Code Ann. § 46.04(a)(2) (West 1994). The district court assessed punishment,
enhanced by two previous felony convictions, at imprisonment for thirty-five years. We will
modify the district court's judgment to delete the deadly weapon finding and affirm the judgment
as modified.

By two points of error, appellant contends the district court erred by permitting the
State to amend the indictment. As presented by the grand jury, the indictment alleged:


[Appellant] on or about the 29th day of March, A.D. 1998, . . . did then and there
intentionally and knowingly possess a firearm, to-wit: a shotgun, at a location other
than the premises at which the said [appellant] lived, and prior to the commission
of said act, the said [appellant] had been convicted of the felony offense of Theft
From Person, on December 18, 1990, in Cause Number 106,319 in the 167th
Judicial District Court of Travis County, Texas, and the possession of the firearm
as alleged above was after conviction for said felony and after the fifth anniversary
of the release of the said [appellant] from confinement . . . .



See id. Appellant moved to dismiss the indictment on the ground that it failed to allege an element
of the offense: that the felony of which he had been convicted involved an act of violence or
threatened violence. Appellant argued that because the alleged felony theft conviction predated
September 1, 1994, the effective date of current section 46.04, the prosecution was governed by
the statute in effect before the 1994 amendment. See Penal Code, 63d Leg., R.S., ch. 399, sec.
1, § 46.05, 1973 Tex. Gen. Laws 883, 964 (Tex. Penal Code Ann. § 46.05, since amended and
renumbered as § 46.04). Under former section 46.05, the prior felony conviction had to be for
an offense involving an act of violence or threatened violence to a person or property.

In response to appellant's motion, the State moved to amend the indictment to add
the allegation that appellant's previous conviction involved an act of violence. The motion was
granted and the indictment was amended to read that appellant "had been convicted of the felony
offense of Theft From Person, said offense being a crime of violence, on December 18, 1990, in
Cause Number 106,319 . . . ." (Emphasis added.) This is not the amendment of which appellant
complains.

Six days after appellant's indictment was amended, the court of criminal appeals
announced its opinion in State v. Mason, 980 S.W.2d 635 (Tex. Crim. App. 1998). In Mason,
the court held that the date of the previous felony conviction is not an element of the offense under
section 46.04. So long as the firearm is possessed on or after September 1, 1994, section 46.04
applies even if the previous felony conviction predates September 1, 1994. Id. at 641. In light
of Mason, appellant's motion to dismiss the indictment was without merit and the resulting
amendment was unnecessary.

On the day appellant's trial began, but before jury selection, the State announced
that it was abandoning the allegation that appellant's previous felony conviction was for a crime
of violence. The next day, before testimony began, the State announced that it was also
abandoning the allegation that appellant possessed a firearm after the fifth anniversary of his
release from confinement. Appellant objected to both of these abandonments as being, in fact,
amendments to the indictment. The objections were overruled.

The State may not amend an indictment on the day of trial but before trial
commences. See State v. Murk, 815 S.W.2d 556, 558 (Tex. Crim. App. 1991); Tex. Code Crim.
Proc. Ann. art. 28.10 (West 1989). The State may not amend an indictment after trial commences
if the defendant objects. Art. 28.10(b). If what the State and the district court considered to be
abandonments of unnecessary allegations were in fact amendments to the indictment as appellant
contends, the first was impermissible under the holding in Murk and the second violated article
28.10(b).

An amendment is an alteration that affects the substance of the indictment. See
Eastep v. State, 941 S.W.2d 130, 132 (Tex. Crim. App. 1997). An abandonment, even if
accomplished by the physical alteration of the indictment as in this cause, does not affect the
substance of the indictment. Id. at 133. The deletion of surplusage from an indictment is
considered an abandonment, not an amendment. Id. at 134. Surplusage is language that is not
legally essential to the offense alleged in the indictment. Id. There is an exception to the last
statement: if the unnecessary language is descriptive of that which is legally essential to the
indictment, it may not be treated as surplusage. See Burrell v. State, 526 S.W.2d 799, 802-03
(Tex. Crim. App. 1975). Thus, the State may abandon as surplusage only those portions of an
indictment that are neither legally essential to the offense alleged nor descriptive of that which is
legally essential. See Eastep, 941 S.W.2d at 134.

We first address the allegation that the previous felony conviction was for a crime
of violence. As previously discussed, this allegation was not legally necessary to state an offense
under section 46.04. Nevertheless, appellant contends the allegation could not be abandoned as
surplusage because it was descriptive of the previous theft conviction.

The defendant's status as a convicted felon is an element of the offense under
section 46.04. See Mason, 980 S.W.2d at 640-41. But the nature of the felony for which the
defendant was convicted is irrelevant; all convicted felons are included within the proscriptions
of section 46.04. Id. at 638-39. The allegation that appellant's felony conviction was for a crime
of violence did not describe or modify appellant's status as a convicted felon, but merely described
the nature of the offense previously committed. Appellant would have been a convicted felon in
possession of a firearm away from his residence whether or not his earlier conviction was for a
crime of violence. Because the unnecessary allegation did not describe or explain an element of
the offense, but instead mistakenly added an unnecessary factual element to the indictment, it was
surplusage. See Upchurch v. State, 703 S.W.2d 638, 641 (Tex. Crim. App. 1985) (in prosecution
for failing to maintain financial responsibility, unnecessary allegation that vehicle was not exempt
from Safety Responsibility Act was surplusage); Kirschner v. State, 997 S.W.2d 335, 340 (Tex.
App.--Austin 1999, pet. ref'd) (in prosecution for misapplying construction trust funds,
unnecessary allegation that funds were not used to pay actual expenses relating to construction was
surplusage). Because the allegation that appellant had been convicted of a crime of violence was
surplusage, the district court did not err by permitting the State to abandon the allegation on the
day trial began. Issue one is overruled.

We now turn to the allegation that appellant possessed the shotgun more than five
years following his release from confinement. Under section 46.04, it is unlawful for a convicted
felon to possess a firearm at any location other than the premises at which he lives either before
(section 46.04(a)(1)) or after (section 46.04(a)(2)) the fifth anniversary of his release from
confinement or supervision. Having alleged that appellant possessed the shotgun at a location
other than his residence, it was not legally necessary for the State to allege that this possession
occurred on a date following the fifth anniversary of appellant's release from confinement. 
Appellant does not argue to the contrary, but nevertheless urges that this allegation was
descriptive of an essential element of the offense. Appellant does not identify this element.

To establish a violation of section 46.04, it was necessary for the State to prove that
appellant was a convicted felon and that he possessed a firearm at a place other than his residence. 
The allegation that the possession occurred after the fifth anniversary of appellant's release from
confinement did not describe or modify any of these necessary facts. Appellant would have been
a convicted felon in possession of a firearm away from his residence whether or not his
confinement had ended more than five years earlier. Like the allegation that appellant's previous
conviction was for a crime of violence, the allegation that he possessed a firearm more than five
years after his release from confinement merely added an unnecessary factual averment to the
indictment. The allegation was surplusage, and the district court did not err by permitting the
State to abandon the allegation after trial began. See Upchurch, 703 S.W.2d at 641; Kirschner,
997 S.W.2d at 340. Issue six is overruled. 

In related issues, appellant contends the evidence is legally and factually insufficient
to sustain his conviction because the State failed to prove that his previous felony conviction was
for a crime of violence or that he possessed the shotgun more than five years after his release from
confinement. Because the State was properly allowed to abandon both of these allegations, this
argument necessarily fails. Appellant does not otherwise challenge the sufficiency of the
evidence. Issues two and three are overruled.

Appellant next urges that the district court erred by reciting in the judgment that
a deadly weapon was used in the commission of this offense. In order to "use" a deadly weapon
for affirmative finding purposes, the weapon must be utilized to achieve the commission of a
felony offense separate and distinct from mere possession. See Ex parte Petty, 833 S.W.2d 145
(Tex. Crim. App. 1992). The State concedes that there is no evidence that appellant possessed
the shotgun in furtherance of any collateral felony. Issue five is sustained. In light of this ruling,
we need not address issue four.

The judgment of conviction is modified to delete the affirmative finding that a
deadly weapon, a firearm, was used by appellant in the commission of the offense. As modified,
the judgment is affirmed.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Modified and, as Modified, Affirmed

Filed: December 9, 1999

Do Not Publish



that appellant's felony conviction was for a crime
of violence did not describe or modify appellant's status as a convicted felon, but merely described
the nature of the offense previously committed. Appellant would have been a convicted felon in
possession of a firearm away from his residence whether or not his earlier conviction was for a
crime of violence. Because the unnecessary allegation did not describe or explain an element of
the offense, but instead mistakenly added an unnecessary factual element to the indictment, it was
surplusage. See Upchurch v. State, 703 S.W.2d 638, 641 (Tex. Crim. App. 1985) (in prosecution
for failing to maintain financial responsibility, unnecessary allegation that vehicle was not exempt
from Safety Responsibility Act was surplusage); Kirschner v. State, 997 S.W.2d 335, 340 (Tex.
App.--Austin 1999, pet. ref'd) (in prosecution for misapplying construction trust funds,
unnecessary allegation that funds were not used to pay actual expenses relating to construction was
surplusage). Because the allegation that appellant had been convicted of a crime of violence was
surplusage, the district court did not err by permitting the State to abandon the allegation on the
day trial began. Issue one is overruled.

We now turn to the allegation that appellant possessed the shotgun more than five
years following his release from confinement. Under section 46.04, it is unlawful for a convicted
felon to possess a firearm at any location other than the premises at which he lives either before
(section 46.04(a)(1)) or after (section 46.04(a)(2)) the fifth anniversary of his release from
confinement or supervision. Having alleged that appellant possessed the shotgun at a location
other than his residence, it was not legally necessary for the State to allege that this possession
occurred on a date following the fifth anniversary of appellant's release from confinement. 
Appellant does not argue to the contrary, but nevertheless urges that this allegation was
descriptive of an essential element of the offense. Appellant does not identify this element.

To establish a violation of section 46.04, it was necessary for the State to prove that
appellant was a convicted felon and that he possessed a firearm at a place other than his residence. 
The allegation that the possession occurred after the fifth anniversary