Ellis Allen DONEBURG, Appellant,

v.

The STATE of Texas, State.

No. 02–00–305–CR.

Court of Appeals of Texas,
Fort Worth.

March 29, 2001.

Jackson & Hagen and H.F. Rick Hagen, Denton, Attorney for Appellant.

Bruce Isaacks, Criminal District Attorney; Pamela Moore Lakatos, Kristin Kidd, and Daniel Peugh, Assistant District Attorneys, Denton, Attorneys for Appellee.

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Appellant Ellis Allen Doneburg appeals his conviction for the misdemeanor offense of driving while intoxicated. In his sole point, Appellant argues that the evidence was insufficient to sustain his conviction. We affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 10, 2000, Appellant was charged by information with driving while intoxicated on December 15, 1999. The information included an enhancement count alleging Appellant had an open container of an alcoholic beverage (whiskey) in his immediate possession during the offense.

At trial, the prosecutor read the information, including the open container allegation, to the jury during the guilt/innocence phase of the trial. After the State called its first witness, the trial court informed the State, out of the presence of the jury, that it was error for the prosecutor to have read the enhancement paragraph during the guilt/innocence phase of the trial.

After the presentation of evidence, Appellant requested that the jury charge include the recitation of the open container allegation as an element of the offense needed to be proved by the State in order for the jury to convict him of driving while intoxicated. Appellant also asked the trial court to include a definition of alcoholic beverage in the charge. The trial court again acknowledged that it was error for the prosecutor to have read the allegation to the jury, but denied Appellant's requested instruction. The trial court sua sponte decided that the open container issue should not go to the jury during the guilt/innocence phase. The State did not move to abandon the open container allegation, rather the record reflects the State's position that it believed the open container allegation had been proven.

The jury convicted Appellant of driving while intoxicated. At punishment, Appellant pled "not true" to the enhancement allegation and the trial court found the enhancement allegation "not true." The trial court sentenced Appellant to 180 days' confinement in the county jail and a $1,000 fine. The trial court probated the sentence and placed Appellant on community supervision for 20 months.

## HYPOTHETICALLY CORRECT JURY CHARGE

In his sole point, Appellant argues that the evidence was insufficient[1] under the "hypothetically correct" jury charge standard of *Malik v. State*, 953 S.W.2d 234 (Tex.Crim.App.1997). Specifically, Appellant contends that the trial court erred by not including the open container allegation in the jury charge after it was read to the jury during the guilt/innocence phase of the trial. He argues that because the allegation should have been included in the charge and because the trial court found the allegation not true, there is no evidence to support his conviction.

## Standard of Review

■■■ In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict. *Cardenas v. State*, 30 S.W.3d 384, 389–90 (Tex.Crim. App.2000); *Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex.Crim.App.1992), *cert. denied*, 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex.Crim.App.), *cert. denied*, 522 U.S. 844, 118 S.Ct. 125, 139 L.Ed.2d 75 (1997). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Our duty is not to reweigh the evidence from reading a cold record but to act as a due process safeguard ensuring only the rationality of the fact finder. *Williams v. State*, 937 S.W.2d 479, 483 (Tex.Crim.App.1996). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex.Crim.App.1991).

1. In his brief, Appellant merely challenges the "sufficiency" of the evidence and requests acquittal as relief; therefore, we address this point as a legal sufficiency challenge. Furthermore, we note that because no factual sufficiency challenge has been clearly articulated we do not address the factual sufficiency of the evidence. *See Clewis v. State*, 922 S.W.2d 126, 133 (Tex.Crim.App.1996); *Dorsey v. State*, 940 S.W.2d 169, 173 (Tex.App.— Dallas 1996, pet. ref'd).

Moreover, sufficiency is measured based on a hypothetically correct jury charge, not the charge actually given. *Malik*, 953 S.W.2d at 239. In other words, the sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. *Id.* at 240; *Ortiz v. State*, 993 S.W.2d 892, 895 (Tex.App.—Fort Worth 1999, no pet.). Such a charge would be the one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof, does not unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Malik*, 953 S.W.2d at 240; *Ortiz*, 993 S.W.2d at 895.

### The Evidence

At trial, the State introduced the testimony of Brad Bulen, the Lewisville reserve firefighter who first viewed Appellant driving erratically and began to follow him. Specifically, Bulen testified that he saw Appellant's vehicle "weaving onto the shoulder, slowing down, speeding up, slowing down, speeding up, that type of stuff," and that the car was "[h]ugging the stripe quite a bit crossing—crossing or getting onto the shoulder type deal, weaving, basically. Real jerky." Bulen testified that from his seventeen years experience as a firefighter he had the opportunity to observe intoxicated people, and he believed that Appellant was intoxicated. Therefore, he contacted the Flower Mound Police Department dispatch to report the intoxicated driver.

The State also introduced the testimony of Flower Mound Police Officer Sergeant Windell Mitchell, who was dispatched to the location of the intoxicated driver call. Mitchell testified that he followed Appellant's vehicle, observed "the passenger side tires drive completely off the roadway on three occasions," and then pulled Appellant over. Mitchell testified that Appellant was driving his vehicle in a public place. Mitchell stated that he asked Appellant for his identification, proof of insurance, and informed him of the reason for the stop. Mitchell testified that he identified the driver of the vehicle as Appellant and that his breath had a strong odor of alcohol. Mitchell asked Appellant if he had been drinking and Appellant informed him that he had drunk six beers. Mitchell also testified that Appellant's speech was very slurred and his eyes were watery and bloodshot. Mitchell stated that he performed multiple field sobriety tests and Appellant could not pass the tests. Mitchell testified that he believed Appellant was intoxicated.

### Analysis

In this case, Appellant contends that the hypothetically correct jury charge would have read:

> [I]f you find from the evidence beyond a reasonable doubt that on or about the 15th day of December, 1999, that the Defendant, Ellis Allen Doneburg, did then and there drive a motor vehicle in a public place located in Denton County, Texas, while intoxicated to-wit: Said Defendant did not have the normal use of mental or physical faculties by reason of the introduction of alcohol into the body, and do further find beyond a reasonable doubt that the said Ellis Allen Doneburg did then and there have an open container of an alcoholic beverage to wit: A cup of whiskey in his immediate position [sic], you will find the Defendant guilty as charged in the information.

In other words, Appellant argues that by improperly reading the enhancement paragraph during guilt/innocence, the State was then required to prove, beyond a reasonable doubt, that Appellant was in

possession of an open container of alcohol in order to convict him of driving while intoxicated.

■ We agree with Appellant that the prosecutor's reading of the open container allegation during guilt/innocence was improper because it is not an essential element of the offense of driving while intoxicated. The allegation is merely an enhancement provision, and as such is properly reserved for the punishment phase of the trial. *Wilson v. State,* 772 S.W.2d 118, 121–23 (Tex.Crim.App.1989); *see also Frausto v. State,* 642 S.W.2d 506, 509 (Tex.Crim.App.1982); *McDonald v. State,* 863 S.W.2d 541, 545 (Tex.App.— Houston [1st Dist.] 1993, no pet.).

■ The State concedes it was error for the enhancement paragraph to be raised during guilt/innocence, but argues that Appellant waived this issue by failing to object when the enhancement paragraph was read to the jury. *See Hardin v. State,* 951 S.W.2d 208, 211 (Tex.App.— Houston [14th Dist.] 1997, no pet.). Had Appellant's point on appeal been that it was error for the prosecutor to have read the enhancement paragraph to the jury during guilt/innocence, we would agree with the State that Appellant waived any error. *See Hardin,* 951 S.W.2d at 211. However, Appellant is not challenging the propriety of the erroneous reading of the enhancement paragraph to the jury. Instead, Appellant argues that, once read to the jury, it was error to exclude the enhancement language from the jury charge. Furthermore, Appellant argues that the hypothetically correct jury charge would have included the open container allegation because it "define[s] the offense more narrowly, place[s] it in a specific setting, or describe[s] the method by which it was committed." *Curry v. State,* 30 S.W.3d 394, 399 (Tex.Crim.App.2000); *Upchurch v. State,* 703 S.W.2d 638, 641 (Tex.Crim. App.1985). Therefore, Appellant contends that it was reversible error to exclude the allegation from the jury charge. We disagree.

■ The court of criminal appeals has held that if the State alleges evidentiary matters in its indictment that are not necessary to be proved under article 21.03 of the code of criminal procedure, the allegations are considered surplusage. *Curry,* 30 S.W.3d at 399; *Burrell v. State,* 526 S.W.2d 799, 802–03 (Tex.Crim.App.1975). Allegations that are not essential to constitute the offense, which might be entirely omitted without detriment to the indictment and without affecting the charge against the defendant, are treated as mere surplusage; as such, they may be entirely disregarded. *Burrell,* 526 S.W.2d at 802–03. The exception to that rule is when the unnecessary matter is *descriptive* of that which is *legally essential* to charge a crime. *Id.* The extra language is descriptive of the offense if it "define[s] the offense more narrowly, place[s] it in a specific setting, or describe[s] the method by which it was committed." *Curry,* 30 S.W.3d at 399; *Upchurch,* 703 S.W.2d at 641. In those circumstances the extra language must be proved as alleged, even though needlessly stated. *Upchurch,* 703 S.W.2d at 640.

Here, Appellant was charged with the misdemeanor offense of driving while intoxicated. The elements of driving while intoxicated are: (1) operating a motor vehicle; (2) in a public place; (3) while intoxicated (not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, into the body, or having an alcohol concentration of 0.08 or more). Tex.Penal Code Ann. §§ 49.01, 49.04 (Vernon Supp. 2001). The allegation that Appellant had an open container in his immediate possession was not *descriptive* of that which is *legally essential* to charge the offense of driving while intoxicated. The informa-

tion's open container allegation did not define driving while intoxicated more narrowly, place it in a specific setting, or describe the method by which it was committed. *See Upchurch,* 703 S.W.2d at 641. Therefore, the open container allegation was properly excluded from the jury charge.

The trial court's charge actually given in this case and the hypothetically correct charge are the same. The court instructed the jury that it was only to find Appellant guilty of the offense of driving while intoxicated if it found beyond a reasonable doubt that he "did then and there drive or operate a motor vehicle in a public place located in Denton County, Texas, while intoxicated, to wit: [S]aid defendant did not have the normal use of mental or physical faculties by reason of the introduction of alcohol into the body." Appellant does not challenge the elements of the offense or the evidence that he was driving while intoxicated.

### CONCLUSION

Having rejected Appellant's hypothetically correct jury charge argument and viewing all of the evidence in the light most favorable to the verdict, we hold that the evidence was sufficient for a rational jury to have found that Appellant committed the offense of driving while intoxicated. *See Cardenas,* 30 S.W.3d at 389–90; *McDuff,* 939 S.W.2d at 614. We hold that the jury's verdict is not irrational nor is it unsupported by proof beyond a reasonable doubt. *See Matson,* 819 S.W.2d at 846. We overrule Appellant's sole point. Having overruled Appellant's sole point on appeal, we affirm the trial court's judgment.

DAUPHINOT, J., concurs without opinion.