Wesley SURREDIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–04–00474–CR.

Court of Appeals of Texas,
San Antonio.

April 6, 2005.

Jennifer S. Nisbet, Robert Edward Rangel, San Antonio, for appellant.

Alan E. Battaglia, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by CATHERINE STONE, Justice.

Wesley Surredin appeals his misdemeanor conviction of driving while intoxicated with an open container. Surredin contends that the trial court erred by: (1) allowing the State to read the open container enhancement during the guilt/innocence phase of trial; and (2) precluding defense counsel from cross-examining the arresting officer regarding a field sobriety test conducted in another case. Surredin also contends he received ineffective assistance of counsel because the attorney he retained to file a motion for new trial failed to timely set a hearing on the motion and failed to file a sworn motion. We affirm the trial court's judgment.

### OPEN CONTAINER ENHANCEMENT

In his first point of error, Surredin complains that the trial court violated article 36.01(a)(1) of the Texas Code of Criminal Procedure by allowing the open container enhancement to be read during the guilt/innocence phase of trial. Although the State counters that Surredin's objection was too general to preserve this complaint for appellate review, we believe that the "specific grounds [for the objection] were apparent from the context." *See* TEX.R.APP. P. 33.1(a)(1)(A).

Section 49.04(a) of the Texas Penal Code provides that a person commits an offense if the person is intoxicated while operating a motor vehicle in a public place. TEX. PEN.CODE ANN. § 49.04(a) (Vernon 2003). Although generally a conviction of driving while intoxicated has a minimum term of confinement of 72 hours, the minimum term of confinement increases to six days if it is shown that at the time of the offense the person operating the motor vehicle had an open container of alcohol in the person's immediate possession. *Com-*

*pare* TEX. PEN.CODE ANN. § 49.04(b) (Vernon 2003) *with* TEX. PEN.CODE ANN. § 49.04(c) (Vernon 2003).

Surredin contends that reading the open container enhancement provision during the guilt/innocence stage of the trial violated article 36.01(a)(1) which provides: "When *prior convictions* are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment." TEX.CODE CRIM. PROC. ANN. art. 36.01(a)(1) (Vernon Supp.2004–2005) (emphasis added). In this case, the open container allegation is not a prior conviction; therefore, reading the enhancement provision did not violate article 36.01(a)(1).[1]

■ Even if we broadly construed article 36.01(a)(1) to prohibit the reading of any allegations relating to punishment enhancements during the guilt/innocence phase of trial, any error in allowing the open container enhancement to be read in this case would be harmless. Evidence of the open container would have been admissible during the guilt/innocence phase of trial because it tended to make it more probable that Surredin was intoxicated at the time he drove since the open container was evidence that he consumed alcohol. *See Stewart v. State,* 129 S.W.3d 93, 96 (Tex.Crim.App.2004); *Amaro v. State,* No. 03–01–00385–CR, 2002 WL 1289793, at *1 (Tex.App.-Austin June 13, 2002, no pet.) (not designated for publication). Because the jury would have heard testimony re-

garding the open container even if the enhancement provision was not read, error, if any, in reading the allegation was harmless.[2]

Surredin's first point of error is overruled.

### IMPEACHMENT

■ Surredin next contends that the trial court erred in refusing to allow him to impeach the arresting officer with extrinsic evidence. Specifically, the officer testified that he would not perform a horizontal gaze nystagmus test on a person with an eye disease that "caused one eye to look this way and one eye to look in another direction." Surredin wanted to impeach the officer with testimony from a person who was arrested by the officer after the officer administered an HGN test on him even though the person had a visible eye abnormality. The trial court ruled that the cross-examination would not be permitted unless Surredin called the other person as a witness and he testified that he had an eye disease.

■ In addition to complaining about the trial court's refusal to allow the cross-examination, Surredin contends that the trial court erred in not allowing him sufficient time to locate the potential witness. Surredin never filed a written motion for a continuance; therefore, any complaint about having insufficient time to locate the witness is waived. *See Dewberry v. State,* 4 S.W.3d 735, 755 (Tex.Crim.App.1999).

---

1. We acknowledge that the Fort Worth court held the reading of an open container allegation during the guilt/innocence phase of trial to be erroneous in *Doneburg v. State,* 44 S.W.3d 651, 655 (Tex.App.-Fort Worth 2001, pet. ref'd); however, *Doneburg* does not analyze article 36.01(a)(1).

2. The State's alternative argument based on the United States Supreme Court's decisions in *Apprendi v. New Jersey,* 530 U.S. 466, 490,

120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Ring v. Arizona,* 536 U.S. 584, 600, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), is misplaced. Because the enhancement only increased the minimum penalty and did not increase the maximum penalty for the crime, the enhancement was not required to be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt. *Harris v. U.S.,* 536 U.S. 545, 566, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002).

With regard to the cross-examination, the trial court has considerable discretion in determining how and when bias may be proved, and what collateral evidence is material for that purpose. *Stults v. State*, 23 S.W.3d 198, 204 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd). The court has the discretion to limit the scope of cross examination to avoid harassment, prejudice, confusion of the issues, endangering the witness, and the injection of cumulative or collateral evidence. *Id.*

A cross-examining party may not introduce evidence to contradict a witness's answer regarding a collateral matter. *Shipman v. State*, 604 S.W.2d 182, 183 (Tex.Crim.App.1980). A matter is collateral if the cross-examining party would not be entitled to prove that matter as part of his case tending to establish his plea. *Id.* Only general questions can be asked during cross-examination in an effort to discredit a witness, and the witness cannot be asked questions regarding a collateral fact merely with a view to contradict him afterwards by calling another witness. *Bates v. State*, 587 S.W.2d 121, 142 (Tex.Crim.App.1979).

In this case, the evidence of the officer's testing of another person was a collateral matter. Accordingly, the trial court did not err in disallowing the cross-examination especially absent evidence that the other person had an eye disease. Absent that evidence, the officer's testimony that he had never performed an HGN test on a person with an eye disease would not be inconsistent with his having performed an HGN test on the person in question. Surredin's second point of error is overruled.

### MOTION FOR NEW TRIAL/INEFFECTIVE ASSISTANCE OF COUNSEL

Surredin's final point of error is that the attorney he retained to file a motion for new trial was ineffective in failing to timely obtain a hearing on his motion and failing to prepare a sworn motion.

To prevail on a claim for ineffective assistance of counsel, Surredin must show by a preponderance of the evidence that counsel's performance was deficient, i.e., that his assistance fell below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App. 1999). In addition, Surredin must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* In order to meet the second prong of the test, Surredin asserts "but for his attorney's poor performance, his case would have turned out differently as the law as outlined in point of error number one is unquestionably in Appellant's favor." Surredin concludes, "The law regarding the enhancement paragraph upon which the motion for new trial was filed is clearly in Appellant's favor and since no hearing was received, Appellant has now incurred further expense in hiring yet another attorney to file this appeal." Because we have determined that the trial court did not err in allowing the open container enhancement to be read, Surredin's ineffective assistance of counsel complaint fails because his only basis for asserting that the result of the proceeding would have been different fails. Surredin's third point of error is overruled.

### CONCLUSION

The trial court's judgment is affirmed.