Opinion filed July 12, 2007


















 
 
  
 
 







 
 
  
 
 




Opinion filed July 12, 2007

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00373-CR

                                                    __________

 

                                 JAMES TONY STOGNER, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 91st District Court

 

                                                        Eastland County, Texas

 

                                             Trial
Court Cause No. CR-04-20,300

 



 

                                                                   O
P I N I O N

The jury convicted James Tony Stogner of the
offense of murder.  The jury assessed
appellant=s
punishment at sixty years confinement and a fine of $5,000.  We affirm.

                                                                 Issues
on Appeal








Appellant presents two issues for review.  He does not challenge the sufficiency of the
evidence supporting his conviction.  In
his first issue, appellant asserts that he received ineffective assistance of
counsel at trial (1) because his trial counsel failed to preserve error on the
trial court=s denial
of challenges for cause and (2) because his trial counsel failed to object to a
nonresponsive statement by one of the State=s
witnesses on constitutional grounds.  In
his second issue, appellant complains that the trial court erred in admitting
into evidence two exhibits without redacting the words AOffense
Murder.@

                                                    Ineffective
Assistance of Counsel

To determine whether appellant=s trial counsel rendered ineffective
assistance at trial, we must first determine whether appellant has shown that
counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Wiggins v. Smith, 539 U.S. 510 (2003); Strickland v. Washington, 466 U.S.
668 (1984); Andrews v. State, 159 S.W.3d 98 (Tex. Crim. App. 2005); Thompson v. State,
9 S.W.3d 808 (Tex. Crim. App. 1999).  We
must indulge a strong presumption that counsel=s
conduct fell within the wide range of reasonable professional assistance, and
an appellant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Strickland, 466 U.S. at 690; Tong v. State, 25 S.W.3d
707, 712 (Tex.
Crim. App. 2000). 

Appellant=s
trial counsel challenged for cause a number of veniremembers.  The trial court sustained some of the challenges
for cause but denied appellant=s
trial counsel=s
challenges for cause on Veniremembers Nos. 9, 11, 15, 17, 28, and 29.  Appellant asserts that his trial counsel was
ineffective by failing to preserve error with respect to the trial court=s denial of his challenges for
cause.  To preserve error with respect to
a trial court=s denial
of a challenge for cause, an appellant must take the following steps:  (1) assert a clear and specific challenge for
cause; (2) use a peremptory strike on the complained-of veniremember; (3)
exhaust his peremptory strikes; (4) request additional peremptory strikes; (5)
identify an objectionable juror; and (6) claim that he would have struck the
objectionable juror with a peremptory strike if he had one to use.  Allen v. State, 108 S.W.3d 281, 282 (Tex. Crim. App. 2003); Nelson
v. State, 848 S.W.2d 126, 134 (Tex. Crim. App. 1992).








The record demonstrates that appellant=s trial counsel took the steps
necessary to preserve error on the trial court=s
denial of appellant=s six
challenges for cause.  Specifically, the
record demonstrates the following:  (1)
that appellant=s trial
counsel asserted clear and specific challenges for cause to each of the six
veniremembers; (2) that appellant=s
trial counsel used peremptory strikes on the six veniremembers; (3) that
appellant=s trial
counsel exhausted all ten of his peremptory strikes; (4) that appellant=s trial counsel requested four
additional peremptory strikes; (5) that appellant=s
trial counsel identified four objectionable jurors B
Veniremembers Nos. 12, 24, 25, and 37; and (6) that appellant=s trial counsel informed the trial
court he would have struck the four objectionable jurors with peremptory
strikes if he had four additional peremptory strikes to use.[1]  By taking these steps, appellant=s trial counsel preserved error on the
trial court=s denial
of the challenges for cause.  Therefore,
appellant=s trial
counsel did not render ineffective assistance on the challenge-for-cause issue.

Additionally, the record demonstrates that the
trial court did not err in denying the challenges for cause to the six
veniremembers.  We review a ruling on a
challenge for cause with Aconsiderable
deference@ because
the trial court is in the best position to evaluate the veniremember=s demeanor and responses.  Saldano v. State, No. AP-72556, 2007
WL 1610422, at *9 (Tex. Crim. App. June 6,
2007); Newbury v. State, 135 S.W.3d 22, 32 (Tex. Crim. App. 2004); Colburn v. State,
966 S.W.2d 511, 517 (Tex. Crim. App. 1998). 
We will reverse a trial court=s
ruling on a challenge for cause Aonly
if a clear abuse of discretion is evident.@  Saldano, 2007 WL 1610422, at *9; Newbury,
135 S.W.3d at 32; Colburn, 966 S.W.2d at 517.








During voir dire, Veniremember No. 17 stated that
he would have a hard time considering probation as a punishment in a murder
case but that he could keep an open mind on the issue.  During questioning at the bench, Veniremember
No. 17 stated that he did not think that he would ever give probation on a
first-degree murder charge.  However, he
later stated that he could consider giving the minimum and maximum punishment
in an appropriate case and that he could consider probation as a punishment in
an appropriate case.  Qualified jurors
must be willing to consider the full range of punishment applicable to the
offense submitted for their consideration. 
Banda v. State, 890 S.W.2d 42, 55 (Tex. Crim. App. 1994).  Veniremember No. 17 stated that he could keep
an open mind on the punishment issue and that he could consider probation in an
appropriate case.  Based on these
answers, the trial court could have reasonably concluded that Veniremember No.
17 was willing to consider the full range of punishment for the charged
offense.  See Cooks v. State, 844
S.W.2d 697, 709 (Tex. Crim. App. 1992). 
Therefore, the trial court did not abuse its discretion in denying
appellant=s
challenge for cause to Veniremember No. 17.

During voir dire, appellant=s
trial counsel asked the veniremembers whether they knew any of the individuals
identified in the State=s
list of potential witnesses. 
Veniremembers Nos. 9, 11, 15, 28, and 29 knew law enforcement personnel
who were listed as potential witnesses by the State. Veniremembers Nos. 9, 11,
15, 28, and 29 indicated, in effect, that they would give more credibility to
the witnesses they knew than to the witnesses they did not know.  Veniremember No. 9 stated that she knew the
prosecutors in the case and that, based on her respect for them, it would be
hard for her to be fair and impartial in the case.  During questioning at the bench, Veniremember
No. 9 stated that she would base her verdict upon the evidence presented in the
case and the law given by the trial court and that she could comply with the
juror=s oath to
render a true verdict based on the law and the evidence as presented to her in
the case.  Veniremember No. 11 stated
that the fact she knew individuals in law enforcement and in the district
attorney=s office
would not cause her any problems in being able to comply with the juror=s oath to render a true verdict based
on the law and the evidence as presented in the case.  She also said that she could listen to all of
the witnesses, whether she knew them or not, and consider the believability and
credibility of each and every witness. 
Veniremember No. 15 stated that he could listen to all of the witnesses
in the case and judge the credibility of the witnesses.  He also said that he would not have any
problem following the juror=s
oath and that he would require the State to prove its case before he voted
guilty or not guilty on the case. 
Veniremember No. 28 stated that she would not give more credence and
credibility to a witness just because she knew the witness.  She also stated that she would not believe
witnesses she knew over witnesses she did not know.  Rather, she said she would listen to the
witnesses and decide who was telling the truth. 
Veniremember No. 29 stated that she would make the State prove its case
beyond a reasonable doubt before finding appellant guilty in the case.  She also stated that she would follow the law
given by the court and base her decision only on the evidence presented in the
case.








A veniremember is challengeable for cause if he or
she cannot impartially judge the credibility of witnesses.  Ladd v. State, 3 S.W.3d 547, 560 (Tex.
Crim. App. 1999).  AHowever, this means only that jurors
must be open-minded and persuadable, with no extreme or absolute
positions regarding the credibility of any witness.@  Id.  In this cause, Veniremembers Nos. 9, 11, and
15 stated that they could follow the juror=s
oath and that they would base their verdict on the evidence and the law
presented in the case.  Veniremembers
Nos. 11, 15, and 28 stated that they could listen to the witnesses and consider
the credibility of the witnesses. 
Veniremembers Nos. 15 and 29 stated that they would make the State prove
its case before finding appellant guilty in the case.  Veniremember No. 28 said that she would not
give more credence and credibility to a witness just because she knew the
witness.  Veniremember No. 29 stated that
she would follow the law given by the court and base her decision only on the
evidence presented in the case.  Based on
the answers of Veniremembers Nos. 9, 11, 15, 28, and 29, the trial court could
have reasonably concluded that they were open-minded on the credibility issues.  Therefore, the trial court did not err in
denying appellant=s
challenges for cause to these veniremembers. 
Because the trial court did not err in denying the challenges for cause,
appellant cannot prevail on his claim that his trial counsel was ineffective in
failing to preserve error on the trial court=s
denial of the challenges for cause.  See
Surredin v. State, 165 S.W.3d 751, 754 (Tex. App.CSan
Antonio 2005, no pet.). 

Appellant also asserts that his trial counsel was
ineffective in failing to object on constitutional grounds to the following
testimony from one of the State=s
witnesses:  

[PROSECUTOR]: When you confronted [appellant]
about the, did I kill the B
B statement, what was his response when
you talked to him about the term that he used?

 

[WITNESS]: He didn=t
have one.  It was shortly after that that
he asked for an attorney.

  

[DEFENSE COUNSEL]: I am going to object to being
nonresponsive, first.

 

[THE COURT]: Sustained.  Let=s
move along.

 

[DEFENSE COUNSEL]: Would you admonish the jury to
disregard that last statement?

 

[THE COURT]: The jury will disregard the last
statement.

 

[DEFENSE COUNSEL]: Ask for a mistrial, Your Honor.

 

[THE COURT]: Denied, overruled.    

 








On appeal, appellant contends that the witness=s answer violated his right to be
presumed innocent until proven guilty, his right to counsel, and his right to
remain silent.  Therefore, appellant
asserts that his trial counsel should have raised an additional objection to the
answer based on constitutional grounds.

            An allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.  Thompson,
9 S.W.3d at 814.  Appellant=s trial counsel may have made the
decision not to object to the above testimony on constitutional grounds because
the trial court sustained his objection that the testimony was nonresponsive
and instructed the jury to disregard the testimony.  However, the record is silent as to appellant=s trial counsel=s
strategy, if any, in electing not to object to the above testimony on
constitutional grounds.  When a record is
silent as to trial counsel=s
strategy, we Awill not
conclude the challenged conduct constituted deficient performance unless the
conduct was so outrageous that no competent attorney would have engaged in it.@ Garcia v. State, 57 S.W.3d 436,
440 (Tex.
Crim. App. 2001).  When a trial court
sustains an objection to testimony, a decision not to raise an additional
objection to the testimony may be based on reasonable trial strategy.  For example, counsel may not want to bring
additional attention to the testimony by raising an additional objection to
it.  Therefore, the record does not
demonstrate that appellant=s
trial counsel=s failure
to object to the above testimony on constitutional grounds was so outrageous
that no competent attorney would have engaged in it.

Additionally, even if appellant=s trial counsel was ineffective in
failing to object to the above testimony on constitutional grounds, appellant
cannot satisfy the second prong of the Strickland test.  The trial court sustained a different
objection to the testimony and instructed the jury to disregard it.  Therefore, the record does not demonstrate a
reasonable probability that, but for appellant=s
trial counsel=s failure
to object to the testimony on constitutional grounds, the result of the
proceeding would have been different.  See
Strickland, 466 U.S.
at 687, 694.

The record does not demonstrate that appellant
received ineffective assistance of counsel in either of the two instances
claimed by appellant.  We overrule
appellant=s first
issue.

                                                                Evidentiary
Issue








The State introduced into evidence Texas
Department of Public Safety laboratory submission forms as State=s Exhibits Nos. 41 and 43.  The forms identified a number of items that
were submitted to the Texas Department of Public Safety for testing.  The forms included a number of blanks for
providing case information.  Exhibits
Nos. 41 and 43 included the following information:  Agency Case Number 230563; Offense Murder;
Date of Offense 12/31/2003; County
of Offense Eastland; Agency Eastland
 County Sheriff=s Office.  State=s
Exhibits Nos. 41 and 43 identified appellant as a suspect and James Matthew
Walker as the victim.

In his
second issue, appellant complains that the trial court erred in admitting into
evidence State=s Exhibits Nos. 41 and 43 without redacting
the words AOffense Murder@ or amending the words to state ACharged Offense Murder.@ 
Appellant contends that, without such a change, the admission of the
exhibits violated his right to be presumed innocent until proven guilty because
they Aimproperly exposed the jury to a legal
conclusion sanctioned by the State through its agent, the Texas DPS, that
[a]ppellant was guilty of the offense of murder.@

We
review a trial court=s decision to admit or exclude evidence
under an abuse of discretion standard.  Oprean
v. State, 201 S.W.3d 724, 726 (Tex. Crim.
App. 2002); Burden v. State, 55 S.W.3d 608, 615 (Tex.
Crim. App. 2001); Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App.
2000).  An appellate court will not
reverse a trial court=s ruling unless that ruling falls outside
the zone of reasonable disagreement.  Zuliani
v. State, 97 S.W.3d 589, 595 (Tex.
Crim. App. 2003); Burden, 55 S.W.3d at 615.

State=s Exhibits Nos. 41 and 43 did not state
that appellant committed the offense of murder. Rather, they merely identified
the offense as murder and identified appellant as a suspect.  As such, the exhibits did not include an
opinion as to appellant=s guilt or innocence.  Under these circumstances, the exhibits could
not have violated appellant=s right to be presumed innocent until
proven guilty.  Therefore, the trial
court did not abuse its discretion by admitting State=s Exhibits Nos. 41 and 43.  We overrule appellant=s second issue.

                                                               This
Court=s Ruling

We
affirm the judgment of the trial court.

 

 

TERRY
McCALL

JUSTICE  

July 12, 2007

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]The record shows that, of these four veniremembers,
only Veniremember No. 12 served on the jury. 
The State struck Veniremembers Nos. 24 and 25 with peremptory strikes,
and the trial court did not reach Veniremember No. 37 in sitting the jury.