ACCEPTED
04-15-00380-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/8/2015 1:22:30 PM
KEITH HOTTLE
CLERK

## NO. 04-15-00380-CR

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT OF TEXAS
AT SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
7/8/2015 1:22:30 PM
KEITH E. HOTTLE
Clerk

**JOSHUA ALLEN SCHOPPMAN**,
Appellant

v.

**THE STATE OF TEXAS**,
Appellee

## APPELLANT'S RESPONSE TO THE ORDER PROPOSING TO DISMISS THIS APPEAL FOR NO RIGHT OF APPEAL

TO THE HONORABLE COURT OF APPEALS:

Comes now JOSHUA ALLEN SCHOPPMAN, Appellant, by and through undersigned counsel, in reply to the order of this Honorable Court dated July 1, 2015, shows the Court the following:

I.   Procedural history:

Appellant was charged by indictment in cause number 2015-CR-0691 with possession of a controlled substance, Penalty Group 1, 4 – 200 grams, alleged to have been committed in Bexar County, Texas, on or about March 11, 2014. (CR, 4).[1]

---

[1] A felony of the second degree, in violation of TEX. HEALTH & SAFETY CODE §§ 481.115(a) & (d).

On May 11, 2015, pursuant to a written plea agreement with the State, Appellant pleaded nolo contendere to the charged offense. (CR, 28-32). As part of the plea agreement, Appellant waived the right of appeal in writing. (CR, 32).

The plea agreement provided that: (1) punishment be assessed at 10 years; (2) there was a fine of $1,500; (3) the State recommended community supervision; (4) this case run concurrent with two other cases; and (5) Mr. Schoppman take part in the Substance Abuse Felony Punishment program (SAFP). The plea agreement stated: "It is further agreed by the parties that in the event the Court assessed terms, condition, and or a length of supervision of community supervision or deferred adjudication different from those agreed to by the parties, that such difference shall not constitute grounds for setting aside the Defendant's plea in this cause." The plea agreement also contains the following note:

> The parties are not allowed to make binding agreements regarding the length of community supervision or the conditions of community supervision, which are totally dependent upon the Court's discretion.

This note was followed by a recommendation of community supervision for a period of six years, which was explicitly declared to be non-binding. Mr. Schoppman signed the plea agreement and the waiver of appeal. (CR, 32).

On June 3, 2015, the trial court, the Honorable Mary Roman presiding, followed the terms of the plea agreement and sentenced Appellant to a term of 10 years of confinement in the Texas Department of Criminal Justice – Institutional

Division, suspended for a period of 10 years, with a fine of $1,500. (CR, 56-57). The trial court certified that this is a plea-bargain case, and Appellant has "NO right of appeal." (CR, 48). By his signature, Appellant acknowledged that he was informed that he has no right of appeal in this case. (CR, 48).

Appellant filed a pro se notice of appeal from a negotiated plea, on June 15, 2015. (CR, 58-59). On June 18, 2015, the trial court appointed the Bexar County Public Defender to represent Appellant in this attempted appeal. (CR, 67).

II.    No right of appeal:

Appellant has no right of appeal. As noted above, Appellant pleaded nolo contendere to the charged offense pursuant to a written plea agreement with the State. (CR, 28-32). The trial court followed the plea agreement. As part of the plea agreement, Appellant waived the right of appeal in writing.[2] (CR, 32). The trial court certified that this is a plea-bargain case, and Appellant has "NO right of appeal." (CR, 48). Appellant signed that notice. (CR, 48).

Regarding the recommendation of a six-year probation term, the plea agreement clearly stated that that this was not a binding recommendation and that the trial court could impose a term of community supervision that was longer than that agreed upon (limited only by the 10-year underlying sentence). (CR, 32). The trial court is empowered by law to determine conditions of community supervision.

---

[2] A defendant may waive his right to appeal, if the waiver is made voluntary, knowingly, and intelligently. *Marsh v. State*, 44 S.W.3d 654, 660 (Tex. Crim. App. 2014).

TEX. CODE CRIM. PROC. art. 42.12, § 10(a); *see Fielder v. State*, 834 S.W.2d 609, 511 (Tex. App. – Fort Worth 1992, pet. ref'd). Therefore, Mr. Schoppman's statement in his motion for new trial that the punishment did exceed the plea agreement (CR, 63) is untenable.

Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d). The undersigned attorney has reviewed documents including the electronic clerk's record of this case and can find no right of appeal for Appellant. *See* TEX. R. APP. P. 25.2(a)(2) (in a plea-bargain case where the sentence did not exceed the agreed-upon punishment, the defendant may appeal only: matters raised by written motion and ruled upon before trial; or after getting the trial court's permission to appeal). Therefore, this Court has no choice but to dismiss the appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006)(where defendant has no right to appeal after his plea bargain, dismissal of the appeal is required, with no inquiry by the appellate court into even possibly meritorious claims); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003)(a valid waiver of appeal will prevent a defendant from appealing without the consent of the trial court).

III.   Relief available to Appellant:

Although the Court of Appeals is required to dismiss this this appeal, Appellant may file an application for a writ of habeas corpus pursuant to article 11.072 of the Texas Code of Criminal Procedure, after the mandate is issued. It should be noted that if Mr. Schoppman is granted habeas relief, his plea bargain would no longer be applicable, and he would face the full 2 – 20 year range of punishment, with no guarantee of community supervision.

WHEREFORE, Appellant, by and through undersigned counsel, is compelled to concede that the Honorable Court of Appeals and must dismiss this appeal for the reasons stated above.

Respectfully submitted,


/s/ *Michael D. Robbins*
MICHAEL D. ROBBINS
Assistant Public Defender
Paul Elizondo Tower
101 W. Nueva St., Suite 370
San Antonio, Texas 78205
Bar No. 16984600
(210) 335-0701
FAX (210) 335-0707
mrobbins@bexar.org

ATTORNEY FOR APPELLANT

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing response has been emailed to the Bexar County District Attorney's Office, Appellate Division, Paul Elizondo Tower, 101 W. Nueva St., Suite 710, San Antonio, Texas 78205, on July 8, 2015.

/s/ *Michael D. Robbins*
MICHAEL D. ROBBINS
Assistant Public Defender